In re Application for Registration by the LAW OFFICES OF JAMES SOKOLOVE, LLC.

No. 2008-151-M.P.

Supreme Court of Rhode Island.

Jan. 21, 2010.

Angel Taveras, Esq., for Plaintiff.

John A. Tarantino, Esq., Providence, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## OPINION

PER CURIAM.

"Membership in the bar is a privilege burdened with conditions."[1]  This case came before the Supreme Court on September 29, 2009, pursuant to an order directing the parties to appear and show cause why the issues raised herein should not summarily be decided.  The petitioners, D'Oliveria & Associates, P.C., DeLuca & Weizenbaum, Ltd., and the Law Offices of David Morowitz[2] (collectively petitioners) are before the Court objecting to the application of the respondent, James Sokolove (Sokolove), to register and practice law as a Rhode Island limited liability entity (Sokolove Law, LLC) in accordance with Article II, Rule 10 of the Supreme Court Rules for the Admission to Practice Law.  Because we are satisfied that cause has not been shown, we shall decide the case at this time.  We approve the application.[3]

### Facts and Travel

The papers in this case disclose that Sokolove Law, LLC, is a national law firm with a complex referral system that can refer clients to attorneys throughout the country.  The firm's advertisements pro-

---

1. Justice Cardozo in *In re Rouss*, 221 N.Y. 81, 116 N.E. 782, 783 (1917).

2. In 2008, Mr. Morowitz formed a partnership, under the name "Morowitz & Barry, Ltd.," but he still presses his objection to Sokolove's application.

3. We note at the outset that, as Sokolove himself declares in his papers, should the petitioners or any member of the public believe that Sokolove Law, LLC, has engaged in unethical conduct, then they should feel free to file a complaint with the Supreme Court's Disciplinary Counsel.

claim that although it "maintains joint responsibility, most cases are referred to other attorneys for principal responsibility." Further, Sokolove Law, LLC's advertisements denote that "Jim Sokolove is licensed to practice law in Massachusetts and New York and that Rhode Island attorneys will represent clients in this state."[4] According to Sokolove, his law firm is approved as a limited liability entity in every jurisdiction, except for California, Virginia, Michigan, Tennessee, and Rhode Island. In those states, other than Rhode Island, the firm is approved to practice law as a limited liability partnership (LLP). Sokolove avers that his firm practices law in every jurisdiction, save for South Dakota and Rhode Island. Additionally, attorney Brian J. Farrell (Farrell) has filed an *amicus curiae* memorandum in this case to support the license application and has represented to this Court that he is a member of Sokolove Law, LLC, and intends to operate the law firm in this state.

According to Sokolove, for many years before this petition arose, he was a partner in a Rhode Island general partnership with attorneys licensed in Rhode Island; this allegation was not refuted. In 2006, however, Sokolove organized a Delaware LLC under the name "The Law Offices of James Sokolove, LLC." He then began the two-part process of applying for a license in Rhode Island as a LLC, in accordance with Article II, Rule 10(d) of the Supreme Court Rules:

> "Within thirty (30) days after filing its limited liability entity charter with the Secretary of State, each limited liability entity formed to engage in the practice of law shall file with the clerk of the Supreme Court a copy of its limited liability entity charter together with an application for license on a form to be prescribed by the clerk * * *."[5]

On November 21, 2007, Sokolove filed an application for registration with the Rhode Island Secretary of State, as part one of the licensing process. In January 23, 2008, he then applied for a license with the Rhode Island Supreme Court clerk's office under the firm name, "The Law Offices of James Sokolove, LLC."[6] Mr. Sokolove subsequently filed an amended application with the Secretary of State and this Court, changing the name to "Sokolove Law, LLC." We presume at the outset that Sokolove Law, LLC, has complied with the requirements of the Rhode Island Limited Liability Company Act, G.L. 1956 (chapter 16 of title 7), and the Secretary of State's office. *See* § 7–16–8(a) ("The [S]ecretary of [S]tate may not accept for filing any document under this chapter which does not conform with law.").

---

**4.** This language was used specifically for Rhode Island advertisements. However, Sokolove advertises throughout the country and presumably adjusts the language for the particular state in which he is marketing his law firm. We also note that this specific advertisement led to one of the three objections that petitioners have levied against Sokolove. (*See infra.*)

**5.** We take this opportunity to emphasize this requirement to all limited liability entities licensed with the Secretary of State, many of which have yet to apply for licenses with the clerk of the Supreme Court.

**6.** We note that Sokolove's application for license to practice as a limited liability entity was not timely filed with our Court. Rule 10(d) requires that within thirty days of filing its charter with the Secretary of State, the application must be filed with this Court. Sokolove filed its charter with the Secretary of State on November 21, 2007, and did not file this application until January 23, 2008—nor was the application on the form prescribed by the clerk.

The Court has been advised by attorney Farrell that Sokolove Law, LLC, will have an office in Rhode Island, "with office signage, letterhead [stationery] and business cards identifying the name of the firm and its Rhode Island address and telephone number * * *." According to Farrell, Sokolove Law, LLC, "would be physically located at Farrell's present practice location." [7]

This case arrives before us under unusual circumstances. The petitioners have opposed Sokolove's foray into Rhode Island on three fronts: a complaint with the Supreme Court Disciplinary Counsel, a complaint with the Unauthorized Practice of Law Committee (UPLC), and the current matter—*i.e.,* a petition to the Supreme Court objecting to Sokolove's application for his LLC license.[8]

The initial complaint, filed with the Disciplinary Counsel and referred to the Disciplinary Board, alleged that Sokolove's television and print advertisements violated numerous provisions of the Rules of Professional Conduct, specifically those concerning attorney advertising when the lawyer is not licensed to practice law in Rhode Island. A screening panel of the Supreme Court Disciplinary Board voted to dismiss the complaint against Sokolove after concluding that the evidence presented did not rise to the requisite clear and convincing standard. Shortly thereafter, the petitioners filed a complaint with the UPLC, essentially alleging the same violations that had been raised before the disciplinary proceedings. The UPLC found that there was probable cause to proceed; however, Sokolove and his counsel met informally with the UPLC and reached an informal resolution agreement. Prior to the UPLC complaint, petitioners filed their objection to the LLC application with this Court. The informal resolution was intended to remain in place until this Court decided the issues raised in this objection to the LLC application. Essentially, the question before us is whether the application to practice law as a LLC under the name "Sokolove Law, LLC" complies with our rules and should be approved in accordance with this opinion.

## Analysis

We note that this is a case of first impression; we are confronted for the first time with the task of considering an objection to an application for license as a limited liability entity. Before this Court, petitioners argue that Sokolove's proposed LLC will not function in compliance with the Rhode Island Supreme Court rules, specifically, Rule 10(d), which provides in pertinent part:

"(d) Within thirty (30) days after filing its limited liability entity charter with the Secretary of State, each limited liability entity formed to engage in the practice of law shall file with the clerk of the Supreme Court a copy of its limited liability entity charter together with an application for license on a form to be prescribed by the clerk setting forth:

"(1) The name and address of the limited liability entity;

"(2) The names and addresses of all shareholders, directors andofficers [*sic*], if the applicant is a professional service corporation; partners if the applicant is a registered limited liability partnership; and managers and members if the appli-

---

7. Farrell seems to imply that Sokolove Law, LLC will be operated within his existing law firm. (*See infra.*)

8. Although the disciplinary and UPLC proceedings are confidential, we discuss them today because Sokolove discussed them in his papers and in open Court, which we deem a waiver of confidentiality by respondent.

cant is a limited liability company, each of whom *must be an attorney authorized to practice law.*

"(3) The names and address of all of its attorneys *who will practice law in Rhode Island.*" (Emphases added.)

In short, petitioners contend that the members of Sokolove's proposed LLC will maintain their own individual law firms and simply have cases referred to them because of Sokolove's extensive advertisements. The petitioners argue that this type of referral system would be inappropriate and that it is addressed in Rule 10(f):

"The limited liability entity shall comply with and be subject to all rules governing the practice of law by attorneys and it shall do nothing which, if done by an individual attorney, would violate the standard of professional conduct applicable to attorneys licensed to practice law in this state."

The petitioners further argue that Sokolove improperly undertook to advertise in Rhode Island before the LLC was approved, such that this Court should deny the application. According to petitioners, Sokolove's advertisements demonstrate that his national law firm is nothing but a referral network and should not be deemed a legitimate law firm.

In response, Sokolove asserts that denying his application for a license based on

the prior disciplinary complaints would circumvent the Supreme Court rules by preemptively suspending the LLC practice without following the proper procedures concerning attorney discipline. Specifically, Sokolove argues that Article III of the Supreme Court Rules of Disciplinary Procedure governs disciplinary procedures and that it is improper to ask this Court to deny a LLC license based on potential violations of Article V of the Supreme Court Rules of Professional Conduct. As we explain throughout, we agree with Sokolove's contention and fully expect that any member of the bar who practices law in this state and violates our disciplinary rules will be investigated by Disciplinary Counsel. Additionally, Sokolove argues that the only issue before this Court is whether his application meets the requisite filing qualifications for a LLC license, set forth in Rule 10. Finally, Sokolove assures this Court that Sokolove Law, LLC, will, at all times, maintain an office in Rhode Island, staffed by one or more attorneys who are licensed to practice in Rhode Island.[9] Sokolove adds that Sokolove Law, LLC, is a *bona fide* LLC and that petitioners are asserting incorrectly that he is holding himself out as an attorney licensed to practice in this state.[10]

### Supreme Court Rules: Article II, Rule 10

Rule 10 of our rules prescribes how legal entities in Rhode Island may apply for a

---

**9.** At oral argument, counsel for Sokolove assured us that this will be a real, or *bona fide,* LLC that will have its own offices in Rhode Island and its own stationery setting forth the firm's name as "Sokolove Law, LLC."

**10.** Sokolove notes that if he were asserting he was licensed to practice in this state (despite being licensed only in Massachusetts and New York), then Article V, Rule 5.5(b) of the Supreme Court Rules of Professional Conduct and G.L. 1956 § 11–27–12 would prohibit him from doing so, and his conduct would

constitute the unauthorized practice of law. However, Sokolove argues that is not the case, and his advertisements clearly state "he is a member of the bars of Massachusetts and New York." He also adds that he "has the First Amendment right to advertise and so long as the advertisements are not violative of the disciplinary rules or the laws against the unauthorized practice of law, his advertisements are constitutionally protected. *See Bates v. State Bar of Arizona,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810(1977)."

professional license; whether the entity intends to function as a professional service corporation, a limited liability partnership, or as a limited liability company. *See* Rule 10(a) (explaining which limited liability entities are provided for by law).[11] Rule 10(b) also sets forth, in clear and unambiguous language, the type of entity that is included within the term "limited liability entity":

> "As used in this rule, the term 'limited liability entity' shall include a professional service corporation and a registered limited liability partnership and limited liability company organized to practice law *pursuant to the laws of any state or other jurisdiction of the United States* and which practices law in the State of Rhode Island; the term 'limited liability entity charter' shall mean its Articles of Incorporation (in the case of a professional service corporation), its Articles of Organization (in the case of a domestic limited liability company), its Application for Registration (in the case of a foreign limited liability company), its Application for Registered Limited Liability Partnership (in the case of a domestic partnership) or its Notice of Foreign Registered Limited Liability Partnership (in the case of a foreign partnership); and the term 'limited liability entity amendment' shall mean its Articles of Amendment to the Articles of Incorporation (in the case of a professional service corporation), its Articles of Amendment to Articles of Organization

(in the case of a domestic limited liability company), *its Amendment to Application for Registration (in the case of a foreign limited liability company)* or its renewal Application for Registered Limited Liability Partnership (in the case of a domestic partnership) or its new Notice of Foreign Registered Limited Liability Partnership (in the case of a foreign partnership)." (Emphases added.)

▮ In examining Sokolove Law, LLC's application in light of Rule 10, we do so in accordance with our long-standing rules of statutory construction. As we stated in *Park v. Rizzo Ford, Inc.*, 893 A.2d 216 (R.I.2006), "[a]ccording to our established rules of statutory construction, '[w]hen the language of a statute is clear and unambiguous, we must enforce the statute as written by giving the words of the statute their plain and ordinary meaning.'" *Id.* at 221 (quoting *Gem Plumbing & Heating Co. v. Rossi*, 867 A.2d 796, 811 (R.I.2005)).

We are of the opinion that the language in Rule 10(b) is clear and unambiguous; " 'limited liability entity' shall include a professional service corporation and a registered limited liability partnership and limited liability company organized to practice law *pursuant to the laws of any state or other jurisdiction of the United States.*" (Emphasis added.) In approving these rules, this Court deemed it proper for a legal entity to exist outside Rhode Island and maintain offices in this state that are staffed by attorneys who are licensed members of the Rhode Island bar.[12]

---

**11.** Rule 10(a) provides:

"Attorneys at law admitted to practice before this [C]ourt may engage in the practice of law in the form of professional service corporations as provided by the Professional Service Corporation Law, G.L. 1956 (1999 Reenactment), §§ 7–5.1–1 to 7–5.1–12, as amended, as registered limited liability partnerships, as provided by the Uniform Partnership Act, G.L. 1956 (1999 Re-

enactment), §§ 7–12–31.1, 7–12–56 to 7–12–59, as amended, or as limited liability companies, as provided by the Rhode Island Limited Liability Company Act, G.L. 1956 (1999 Reenactment) §§ 7–16–1 to 17–16–75, as amended."

**12.** We deem this structure to be similar, although not identical, to the numerous large firms with offices in Rhode Island but incorporated and headquartered elsewhere.

Additionally, Rule 10(d)(2)(3) also requires that the LLC set forth in the application the following two classes of attorneys: (1) the principals of the LLC, "each of whom must be an attorney authorized to practice law" and (2) the names and addresses of all attorneys (whether principals or employees) "who will practice law in Rhode Island."

"(2) The names and addresses of all shareholders, directors andofficers [sic], if the applicant is a professional service corporation; partners if the applicant is a registered limited liability partnership; and managers and members if the applicant is a limited liability company, *each of whom must be an attorney authorized to practice law.*

"(3) The names and addresses of all of its attorneys *who will practice law in Rhode Island." Id.* (emphases added).

Nothing in the rule requires that each member of the LLC must be licensed to practice law in Rhode Island. Indeed, Rule 10 anticipates that members of the LLC may be attorneys in other states, not licensed to practice law in Rhode Island, but that the lawyers who practice in Rhode Island will be members of the Rhode Island bar. Sokolove has represented to this Court that he is a member of the bar in good standing in Massachusetts and New York and, in accordance with Rule 10(d)(3), that at least one member of the firm will be located in Rhode Island, and that individual will be licensed to practice law in Rhode Island as a member of Sokolove Law, LLC. We deem Rule 10 unambiguous and are satisfied, based on these representations, that Sokolove Law, LLC, meets its requirements.

We hasten to add however, that Rule 10 does not envision a law firm operating as a LLC, to make referrals to other attorneys who, but for their "membership" in the entity would be engaged in prohibited fee-splitting arrangements. An attorney practicing law in this jurisdiction is an officer of this Court; he or she may not hold himself or herself out as a sole practitioner or member of a given law firm, only to receive a referral from Sokolove Law, LLC, switch hats, and represent the client as a member of Sokolove Law, LLC, to avoid the prohibition against fee-sharing as set forth in our Rules of Professional Conduct. Farrell has represented that Sokolove Law, LLC, "would be physically located" at Farrell's "present practice location" and that all communications with the firm's clients "would clearly identify the firm." Although this description gives us pause, we take attorney Farrell at his word that Sokolove Law, LLC, will be a *bona fide* law firm and that he will not simply change the letterhead of his existing law practice, based upon the method by which the client came through the door.

### Fee–Sharing and Referrals

Because petitioners vehemently have argued that this application amounts to a fee-splitting arrangement based on client-referrals that violates our rules, we take this opportunity to reiterate our well-established principles on the law concerning fees for all members of the bar.[13] The Rules of Professional Conduct are found in Article V of the Supreme Court Rules. Article V, Rules 1.5 and 7.2 control referral and fee-sharing between lawyers; the rules are separate and distinct. Rule 7.2(c) provides in relevant part:

---

13. The Court was assured at oral argument that if the member who practices in Rhode Island has experience in the subject area of the litigation, he or she will represent the client. If not, however, then the LLC will

refer the potential client to other attorneys in the state. This relationship is governed by Article V, Rules 1.5 and 7.2. We require strict and diligent adherence to these rules.

"A lawyer shall not give anything of value to a person for recommending the lawyer's services except that a lawyer may * * * (4) refer clients to another lawyer or a nonlawyer professional pursuant to an agreement not otherwise prohibited under these [r]ules that provides for the other person to refer clients or customers to the lawyer, if (i) the reciprocal referral agreement is not exclusive, and (ii) the client is informed of the existence and nature of the agreement."

Additionally, Rule 7.2(f) provides:

"Any lawyer or law firm who advertises that his or her practice includes or concentrates in particular fields of law and then refers the majority of cases in those fields of law or of that type to another lawyer, law firm or group of lawyers shall clearly state the following disclaimer:

"1. 'Most cases of this type are not handled by this firm, but are referred to other attorneys[,]' or if applicable:

"2. 'While this firm maintains joint responsibility, most cases of this type are referred to other attorneys for principal responsibility.' "

Whether the attorney fees can be shared by the referring lawyer or law firm and the lawyer to whom the case is referred is another question. Rule 1.5 provides the framework for how the division between lawyers dividing fees is governed:

"(e) A division of a fee between lawyers who are not in the same firm may be made *only* if:

"(1) the division is in proportion to the services performed by each lawyer or *each lawyer* assumes joint responsibility for the representation;

"(2) the client agrees to the arrangement, including the share *each lawyer* will receive, and *the agreement is confirmed in writing*; and

"(3) the total fee is reasonable." (Emphases added.)

Clearly, the Rules of Professional Conduct anticipate and permit attorney-to-attorney referrals; fee-splitting, however, is regulated more stringently to protect the client from unscrupulous practitioners. Attorneys are prohibited from paying other lawyers or anyone else for funneling business or "channeling professional work." Rule 7.2, comment [6]. Further, a division of fees among lawyers who are not in the same firm is prohibited unless the division is based on the proportional amount of work performed by each *lawyer* or, if each *lawyer*—not the law firm— "assumes joint responsibility for the representation." Rule 1.5(e)(1).

"A division of fee is a single billing to a client covering the fee of two or more lawyers who are not in the same firm. A division of fee facilitates association of more than one lawyer in a matter in which neither alone could serve the client as well, and most often is used when the fee is contingent and the division is between a referring lawyer and a trial specialist." Rule 1.5, comment [7].

Joint responsibility for the representation presumes that each lawyer who shares in the fee has rendered services in proportion to the fee or a *lawyer*—not the law firm—has assumed "responsibility for the representation as a whole." Rule 1.5, comment [7]. Responsibility for the representation is not an empty concept—it requires that an identified attorney assume financial accountability for the costs of the suit in a contingent-fee case, as well as individual "ethical responsibility for the representation as if the lawyers were associated in a partnership." *Id.*

Attorneys who are licensed to practice law in this state, no matter the form of the entity, must strictly adhere to the Rules of

Professional Conduct governing fees, and we are confident that Disciplinary Counsel will pay close attention to these concerns.

### The Practice of Law

The concerns underlying petitioners' claims throughout their various objections to Sokolove and Sokolove Law, LLC, have centered on the basic premise that the entity should not be allowed to practice in Rhode Island, based on our Rules of Professional Conduct. We deem our observation in *Rhode Island Bar Association v. Automobile Service Association*, 55 R.I. 122, 126, 179 A. 139, 140 (1935) to be compelling:

> "The practice of law is difficult to define. Perhaps it does not admit of exact definition. Whether or not it can be reduced to definition is not important to the decision of the matter before us at this time. 'Definition, simple, positive, hard and fast as it is, never tells the whole truth about a conception,' said the American philosopher, Josiah Royce, and we adopt that view in refraining from any attempt at definition here. That the practice of the law is a special field reserved to lawyers duly licensed by the [C]ourt, no one denies."

■ Thus, over seventy years ago, this Court, in *Rhode Island Bar Association* recognized that what constitutes the practice of law does not easily lend itself to concise definition; this especially is true today, based on the changing nature of the legal profession and the lightning speed with which these changes have occurred. *See Rhode Island Bar Association*, 55 R.I. at 126, 179 A. at 140. What is certain however, is "[t]he practice of law is affected with a public interest[,]" such that it is the duty of this Court to regulate those who seek to engage in it, "so that the public welfare will be served and promoted." *Id.* at 131, 179 A. at 143. We note that, although Sokolove Law, LLC, may not fall within the traditional boundaries of the practice of law in Rhode Island, we are hopeful that, as represented, the LLC will operate in compliance with our rules.

Finally, we observe that when the members of this Court in *Rhode Island Bar Association*, 55 R.I. at 138, 179 A. at 146, found that "lay respondents" were performing legal services in the context of a corporate structure, the practice of law greatly differed from today's modern law firm with the dominating presence of computers, electronic communications, and the Internet. The Court, we believe, was on target when it described the nature of this honorable profession:

> "The bar is an important element of our judicial system and all of its members are obligated to govern their professional conduct in full accord with the solemn responsibility which that entails. Under our system of law the most effective guaranty of equal justice to all in the commonwealth is a competent and learned bar composed of men [and women] of high personal character who govern their professional conduct at all times by the well known and generally accepted canons of legal ethics. The lack of such a bar or the co-existence with it of an array of individuals or groups operating under deceptive devices and catch-names to mislead the public into the belief that they are entrusting their causes to those learned in the law and competent to serve them, would inevitably result in a deprivation of justice to many in the State." *Id.* at 139–40, 179 A. at 146.

These are neither idle observations, nor rhetorical exhortations; the public has a right and expectation that those who practice law in this jurisdiction do so in accordance with our standards of integrity, character, and competence, so that "the

people may be assured the best possible service in the dispatch of their legal business." *Rhode Island Bar Association,* 55 R.I. at 140, 179 A. at 147.

### Conclusion

For the reasons stated in this opinion, we approve the application and grant the license of the respondent, Sokolove Law, LLC, to practice law as a limited liability entity.[14]   After careful consideration, we remand the record to the Supreme Court clerk's office for approval of the application in accordance with this opinion.

Chief Justice WILLIAMS (ret.) did not participate.

---

**14.** We wish to express our sincere appreciation for the articulate arguments and well-written briefs submitted by counsel for both sides in this case, as well as for the insightful *amicus curiae* briefs submitted in this case.