**Supreme Court**

No. 2014-284-M.P.

(PB 11-2488)

Cashman Equipment Corporation, Inc.  :

v.  :

Cardi Corporation, Inc. et al.  :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Cashman Equipment Corporation, Inc.    :

v.    :

Cardi Corporation, Inc. et al.    :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  Cashman Equipment Corporation, Inc. (Cashman) filed a petition for issuance of a writ of certiorari in which it stated that it was seeking review of the May 13, 2014 denial in Providence County Superior Court of its motion to compel the production from Cardi Corporation, Inc. (Cardi)[1] of the following: "all materials and documents, less core attorney work product, including all computer models and drafts of materials and documents, developed and considered by [Cardi's] testifying expert * * * in the process of formulating his written expert opinions * * *."  In a November 20, 2014 order, this Court granted Cashman's petition.  Cashman contends that the hearing justice erred in denying its motion to compel because, in Cashman's view, materials which are <u>considered</u> <u>by</u> a testifying expert in formulating his or her opinion are discoverable, with the exception of "core attorney work product."  According to Cashman, it was, therefore, error for the hearing justice to refuse to compel Cardi to produce the requested documents.

---

[1]    We note that, in addition to Cardi, RT Group, Inc. also filed a brief before this Court, contending that the hearing justice did not err in denying Cashman's motion to compel.

For the reasons set forth in this opinion, we quash the writ and affirm the ruling of the Superior Court.

# I

## Facts and Travel

The civil action from which this discovery dispute evolved concerns work performed in the course of building the Sakonnet River Bridge. Specifically, the case addresses, among other issues, whether or not Cardi provided a defective cofferdam[2] design for that bridge-building project. On May 2, 2011, Cashman commenced the instant action setting forth a number of allegations against Cardi including breach of contract, unjust enrichment, and negligence due to the fact that Cardi allegedly supplied a defective design for the cofferdams and defective materials. Cashman contended, in its May 2, 2011 complaint, that Cardi's actions required Cashman to perform additional work on the bridge for which it was entitled to compensation.

During the course of discovery, Cardi refused to turn over certain computer models and draft reports that had been "considered by" its testifying expert, George Tamaro, and Mr. Tamaro's engineering firm, Mueser Rutledge Consulting Engineers. Cardi refused to turn over the documents at issue because it contended that the documents were not included within the scope of expert discovery permitted under Rule 26(b)(4)(A) of the Superior Court Rules of Civil Procedure. On April 18, 2014, Cashman moved to compel disclosure. A hearing on Cashman's motion followed on May 13, 2014.

At the hearing, Cashman argued that it was desirous of obtaining any computer models which Cardi's expert created to determine "certain stress and loads that are going to be placed on

---

[2] A cofferdam is "[a] temporary watertight enclosure that is pumped dry to expose the bottom of a body of water so that construction, as of piers, can occur." The American Heritage Dictionary of the English Language 358 (5th ed. 2011).

certain points on this cofferdam." Specifically, Cashman stated that it was seeking models "that [the expert] created which [he] may not have relied on but certainly would've considered" as well as draft reports. Cashman stressed the usefulness of such models in cross-examining an expert witness, and it emphasized their necessity for the purpose of determining how the expert arrived at the final model or report which he ultimately relied upon in forming his expert opinion. Cardi responded by contending that materials "considered by" an expert in forming his or her expert opinion are not discoverable under the terms of Rule 26(b)(4).

The hearing justice issued a decision from the bench at the close of the hearing on May 13, 2014. He concluded that he did not have the authority to compel production of the draft reports and computer models; and he denied Cashman's motion to compel, stating as follows:

> "The Court holds in this matter that it seems to the Court there is no question but that under the circumstances here, counsel for Cashman would certainly be advantaged in connection with the cross-examination that he would undertake of the experts put forth by Cardi if the Court were to grant to him what is the subject of the motion pending before the Court.
> "If the Court were writing on a clean piece of paper there is no question but that the Court, at least based on my reading and the arguments presented and the papers presented by the parties, would order the production. The Court, however, here believes that it is without authority to do so.
> "* * *
> "[T]he Court is constrained to deny the motion."

On October 17, 2014, Cashman filed a petition for issuance of a writ of certiorari with this Court, seeking review of the hearing justice's denial of its motion to compel. This Court granted that petition.

## II

## Standard of Review

Typically, this Court's "review on a writ of certiorari is limited 'to examining the record to determine if an error of law has been committed.'" Crowe Countryside Realty Associates, Co., LLC v. Novare Engineers, Inc., 891 A.2d 838, 840 (R.I. 2006) (quoting State v. Santiago, 799 A.2d 285, 287 (R.I. 2002)). In conducting such a review "[w]e do not weigh the evidence on certiorari, but only conduct our review to examine questions of law raised in the petition." Id. (citing Boucher v. McGovern, 639 A.2d 1369, 1373 (R.I. 1994)). Rulings on such questions of law are reviewed de novo by this Court. Id. In addition, with respect to determining the scope of Rule 26, we have repeatedly employed a de novo standard of review. State v. Lead Industries Association, Inc., 64 A.3d 1183, 1191 (R.I. 2013).

## III

## Analysis

## A

## The Parties' Contentions

Cashman contends that materials considered by Cardi's testifying expert during the process of forming his opinion are "fully discoverable." Cashman points to ample federal precedent indicating that federal courts allow for such discovery, and it invites this Court to embrace the reasoning of the cited federal court cases. It further posits that the discovery it seeks is necessary to assure effective cross-examination of testifying experts at trial, to serve judicial economy, and to effectuate cost savings. Additionally, this Court notes that Cashman is very clear that it is not seeking any documents that would be considered "core attorney work product."

- 4 -

Cardi responds by averring that the plain language of Rule 26(b)(4)(A) limits discovery with respect to testifying experts to interrogatories and depositions and does not provide for discovery "by document subpoena" or discovery "of matters 'considered by' but not relied upon in forming an expert's opinion." Cardi points this Court to the differences between the Rhode Island Rule 26 and the Federal Rule 26. It has also brought to our attention the history of the Rhode Island rule to support its contention that the rule was not meant to include the discovery of documents considered by a testifying expert. Cardi goes on to posit that this Court should not expand the scope of Rule 26(b)(4)(A) absent the promulgation of a formal amendment to the rule following the statutorily provided amendment process, which would require approval by a majority of the Superior Court justices. See G.L. 1956 § 8-6-2(a). In addition, Cardi contests Cashman's assertions that the discovery it requests would make for more effective cross-examination, would serve judicial economy, or would effectuate cost savings.

**B**

**Rule 26(b)(4)(A)**

We must begin our inquiry into whether or not Cashman is entitled to the discovery it seeks with the rule at issue—viz., Rule 26(b)(4)(A). The most current version of the rule, which is applicable to the instant case, reads in pertinent part as follows:

> "A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. A party may depose any person who has been identified as an expert expected to testify when the expert interrogatory has been responded to by the other party." Id.

- 5 -

We have repeatedly applied our long-standing rules of statutory construction to construing court rules. See, e.g., State v. Brown, 88 A.3d 1101, 1110 (R.I. 2014) (construing Rule 8(a) of the Superior Court Rules of Criminal Procedure); In re Law Offices of James Sokolove, LLC, 986 A.2d 997, 1002 (R.I. 2010) (applying the rules of statutory construction to Article II, Rule 10 of the Supreme Court Rules for the Admission to Practice Law). In construing statutes or court rules, it is a fundamental principle of our jurisprudence that "[w]hen the language of a rule is clear and unambiguous, this Court must give the words of the rule their plain and ordinary meanings." Brown, 88 A.3d at 1110; see Shine v. Moreau, 119 A.3d 1, 9 (R.I. 2015); see also McCarthy v. Environmental Transportation Services, Inc., 865 A.2d 1056, 1060 (R.I. 2005); Capital Properties, Inc. v. City of Providence, 843 A.2d 456, 460-61 (R.I. 2004). If we "find the statute [or rule] to be unambiguous, we simply apply the plain meaning and our interpretive task is done." Shine, 119 A.3d at 9 (internal quotation marks omitted); see also State v. Diamante, 83 A.3d 546, 550 (R.I. 2014).

Our review of the language of Rule 26(b)(4)(A) leads us to the ineluctable conclusion that that rule is indeed clear and unambiguous. The first sentence specifically states what one party may require of another party, through interrogatories, with respect to testifying expert witnesses. The second sentence allows a party to depose an expert expected to testify at trial. Thus, the rule is confined by its very terms to discovery through interrogatories or deposition. It does not provide for the disclosure of documents. In light of our well-settled principles of interpretation, we are duty-bound to apply the plain meaning of the rule to the instant case; therefore, it is our conclusion that Cashman is not entitled to the discovery which it seeks from Cardi. To determine otherwise would require this Court to alter the present rule by judicial fiat,

a practice in which we will not engage.  See Capital Properties, Inc., 843 A.2d at 460 (declining to adopt a Federal Rule of Civil Procedure by "judicial fiat").

As Cardi points out, the process for amending the Superior Court Rules of Civil Procedure is provided by statute.  Section 8-6-2(a) provides in pertinent part as follows:

> "The supreme court [and] the superior court, * * * by a majority of their members, shall have the power to make rules for regulating practice, procedure, and business therein. * * * The rules of the superior * * * court * * * shall be subject to the approval of the supreme court. Such rules, when effective, shall supersede any statutory regulation in conflict therewith." (Emphasis added.)

We have no desire to deprive the Superior Court of the right to make a recommendation, by a majority of its members, to this Court with respect to any changes to the Superior Court Rules of Civil Procedure.  We recognize that the hearing justice in the instant case, if he were "writing on a clean piece of paper," would have preferred to rule in Cashman's favor.  But, if there is to be a change made to Rule 26(b)(4)(A) to effectuate the result for which Cashman advocates, that change must come from the Superior Court in accordance with § 8-6-2(a); it will not be effectuated by this Court under the circumstances presented in the instant case.

We note as well that, in this Court's opinion in Crowe Countryside Realty Associates, Co., LLC v. Novare Engineers, Inc., 891 A.2d 838, 843, 847 (R.I. 2006), we chose to emphasize "protection principles" with respect to discovery under Rule 26 and to apply our "strong policy" of protecting opinion work product from discovery.  To rule as Cashman invites us to would be inconsistent with those general protection principles that we have applied with relation to discovery under the terms of Rule 26.[3]

---

[3]     We pause to briefly discuss the relationship between the instant case and our decision in Crowe Countryside Realty Associates, Co., LLC v. Novare Engineers, Inc., 891 A.2d 838 (R.I. 2006).  Initially, it is important to clarify that our decision in Crowe was based on an earlier

Accordingly, based on the clear and unambiguous language of Rule 26(b)(4)(A), we perceive no error on the part of the hearing justice in denying Cashman's motion to compel production of "all computer models including drafts considered by Cardi's testifying expert."

## C

### The Evolution of Rule 26

Although we need not go beyond the clear and unambiguous language of Rule 26(b)(4)(A), we will briefly address the relevance of the Federal Rules of Civil Procedure and federal case law interpreting those rules to the instant case. In our judgment, an exploration of the evolution of Federal Rule 26 and of Rhode Island Rule 26 even more firmly bolsters our confidence in the correctness of our holding that Cashman is not entitled to the discovery it seeks in the instant case.

Prior to its amendment in 1993, Federal Rule 26(b)(4)(A) read in pertinent part as follows:

> "(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) <u>Upon</u> <u>motion</u>, <u>the</u> <u>court</u> <u>may</u> <u>order</u> <u>further</u> <u>discovery</u> <u>by</u> <u>other</u> <u>means</u> * * *." (Emphasis added.)

---

version of Rule 26(b)(4) than is at issue in the instant case—that rule having been amended in 2006. Moreover, <u>Crowe</u> was concerned with the discoverability under Rule 26 of core attorney work product. Cashman has expressly stated that it is not seeking any documents in the instant case that constitute core attorney work product. <u>Crowe</u> also dealt with factual attorney work product; however, given our conclusion that Cashman is not entitled to the discovery that it is seeking under the amended language of Rule 26(b)(4)(A), we need not address whether or not that discovery would include factual attorney work product. Therefore, we do not find <u>Crowe</u> to be controlling in the instant case.

In 1993, the Federal Rule 26 was amended. After the amendment, Federal Rule 26(b)(4)(A) provided that a party could depose only an expert "whose opinions may be presented at trial." However, section (a)(2)(B) of Federal Rule 26 was amended to require that the disclosure of any expert witnesses expected to testify at trial had to be accompanied by a written report, including, among numerous other things, "the data or other information <u>considered by</u> the witness in forming the opinions." (Emphasis added.)

In Rhode Island, Rule 26 was amended in 1995. At that juncture, the Rhode Island courts were free to adopt either the pre-1993 Federal Rule, the 1993 Federal Rule, or something else entirely. The 1995 Committee Notes[4] state, with respect to Rule 26(b)(4)(A), that: "This subdivision is based on the 1970 version of the federal model." Thus, Rhode Island chose to adopt the pre-1993 Federal Rule 26(b)(4)(A) and, in fact, it did so nearly word for word. As such, the 1995 Rhode Island rule included the following language found in the pre-1993 Federal Rule: "Upon motion the court may order further discovery by other means" but did not include the "considered by" language of the 1993 Federal Rule.

Cashman urges this Court to look to the pre-1993 Federal Rule 26(b)(4)(A) and the case law that it has cited applying and interpreting that rule in assessing this case. It is true that we have stated on more than one occasion that "[w]hen * * * the Rhode Island rule is substantially similar to the federal rule, we often look to federal courts' decisions for guidance and interpretation." <u>O'Connor v. Newport Hospital</u>, 111 A.3d 317, 323-24 n.5 (R.I. 2015); <u>see</u> <u>Brown</u>, 88 A.3d at 1110 n.7. However, Cashman's contention fails to take into account that Rule

---

[4]    We acknowledge that "we are not bound by reporter's notes in applying [a] rule." <u>State</u> <u>v. Macaskill</u>, 475 A.2d 1024, 1028 (R.I. 1984). However, such notes can certainly be instructive and are appropriate for consideration in our analysis of a rule. <u>See</u>, <u>e.g.</u>, <u>Crowe</u>, 891 A.2d at 847 (looking to the committee notes to Rule 26).

26 was amended by Rhode Island again on June 15, 2006, and it is that amended version of the rule, rather than the 1995 Rhode Island rule, that is applicable to the instant case.

When the 2006 amended version of Rhode Island Rule 26(b)(4)(A) (quoted in Part III.B, supra) became effective, the following sentence had been removed: "Upon motion the court may order further discovery by other means * * * ;" it was replaced with: "A party may depose any person who has been identified as an expert expected to testify when the expert interrogatory has been responded to by the other party." Thus, Rhode Island rejected, for a second time, the 1993 Federal Rule language requiring disclosure of "the data or other information considered by the witness in forming the opinions." (Emphasis added.) Accordingly, it would not be appropriate for this Court to look to the Federal Rules of Civil Procedure or federal case law in evaluating our present Rule 26(b)(4)(A) because our rule is clear on its face and also is no longer substantially similar to any of the previous or current versions of the Federal Rule.

As such, our examination of the evolution of Federal Rule 26 and Rhode Island Rule 26 confirms our conclusion that Cashman is not entitled to the discovery which, in its petition for issuance of a writ of certiorari, it stated it is seeking—namely, "all materials and documents, less core attorney work product, including all computer models and drafts of materials and documents, developed and considered by [Cardi's] testifying expert * * * in the process of formulating his written expert opinions * * *." (Emphasis added.) Consequently, we perceive no error in the hearing justice's denial of Cashman's motion to compel.

## IV

## Conclusion

For the reasons stated in this opinion, we quash the writ and affirm the ruling of the Superior Court. We remand this case to the Superior Court with our decision endorsed thereon.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**   Cashman Equipment Corporation, Inc. v. Cardi Corporation, Inc. et al.

**CASE NO:**   No. 2014-284-M.P.
(PB 11-2488)

**COURT:**   Supreme Court

**DATE OPINION FILED:**   June 3, 2016

**JUSTICES:**   Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**   Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Michael A. Silverstein

**ATTORNEYS ON APPEAL:**

For Petitioner:   Michael A. Kelly, Esq.

For Respondents:   Robert G. Flanders, Jr., Esq.
Mark P. Dolan, Jr., Esq.
Mark P. Dolan, Esq.
Jeremy Ritzenberg, Esq.
Christopher N. Dawson, Esq.