January 29, 2019

**Supreme Court**

No. 2017-107-M.P.
(NC 05-320)

Sandy Point Farms, Inc.           :

v.

Sandy Point Village, LLC, et al.      :

v.

Sandy Point Farms Condominiums, LLC, et al.  :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Sandy Point Farms, Inc.       :

v.

Sandy Point Village, LLC, et al.     :

v.

Sandy Point Farms Condominiums, LLC, et al.  :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The plaintiff, Sandy Point Farms, Inc. (SPF or plaintiff), filed a petition for writ of certiorari seeking review of a Superior Court order denying its motion for a protective order concerning the deposition of Lawrence A. Rainey (Rainey). We granted the petition on December 4, 2017. Before this Court, the plaintiff contends that, pursuant to Rule 26(b)(4)(B) of the Superior Court Rules of Civil Procedure, Rainey, as a nontestifying expert, may not be deposed absent exceptional circumstances. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we quash the order of the Superior Court.

# I

## Facts and Travel

This matter arises from a long-simmering dispute between plaintiff and the defendants, Sandy Point Village, LLC; Kurt Poulton (Poulton); and Robert J. Kielbasa (Kielbasa) (collectively SPV or defendants), plaintiff's neighboring property owners. The plaintiff alleges that it has suffered significant harm as a result of defendants' construction and maintenance of drains directing surface water, waste, and sediment onto plaintiff's Portsmouth property (the property). The plaintiff filed this action in 2005 against Sandy Point Village, LLC, alleging trespass and nuisance, and it amended its complaint in 2010 to include a claim for negligence and to add Poulton and Kielbasa as defendants.[1] The parties have since spent years conducting discovery.

In the course of discovery, plaintiff retained Peter M. Scotti & Associates to produce an appraisal report for the property. Peter Scotti (Scotti) prepared and signed a "Self-Contained Appraisal Report" for Ronald Lepes, President of SPF (Lepes), dated May 15, 2014 (the appraisal report). On May 20, 2014, in response to interrogatories propounded by SPV, plaintiff gave notice of its intent to call Scotti to testify as an expert witness at trial, and it additionally provided a copy of the appraisal report. It was noted in the appraisal report that a second appraiser, Rainey, "provided significant assistance to [Scotti] in the preparation of [the] report." At his deposition, Scotti confirmed that he had employed Rainey as an independent contractor for over ten years, and that he worked with Rainey on the appraisal of the property, specifically

---

[1] On October 7, 2015, defendants filed a third-party complaint against Sandy Point Farms Condominiums, LLC; Sandy Point Farms Condominiums Association; Christopher Harkins; and Harkins Development Company.

regarding the research as to comparable sales. After learning this information, defendants sought to depose Rainey.

On January 20, 2017, plaintiff filed a motion for a protective order concerning Rainey's proposed deposition, arguing that Rainey was a nontestifying expert, and, thus, defendants could not depose him absent a showing of "exceptional circumstances" pursuant to Rule 26(b)(4)(B). The defendants filed an objection to plaintiff's motion, contending that, because Rainey "participate[d] in researching all or most of the comparable real estate market values and presumably drafted the analysis here * * * [his] deposition testimony would be relevant * * *." At the February 6, 2017 hearing on plaintiff's motion, defendants asserted that they were also seeking to depose Rainey to discover the nature of Rainey's relationship with Lepes. The defendants argued that this information would be relevant to determine if that relationship should have been disclosed in the appraisal report, pursuant to the Uniform Standards for Professional Appraisers of Property.[2]

At the conclusion of the hearing, the hearing justice denied plaintiff's motion for a protective order. The hearing justice noted, "the general proposition is that experts that aren't going to testify but have been retained cannot be deposed, but this is a little bit of a blur from your traditional situation * * * which can be done under extraordinary circumstances." The hearing justice further explained his reasoning for denying plaintiff's motion, stating:

> "I do not think that this is a clear expert situation that was not hired
> to provide testimony because it seems as if the information
> presented by Mr. Rainey was considered by Mr. Scotti in

---

[2] At his deposition, Scotti testified that Lepes first contacted Rainey regarding the preparation of an appraisal report, and he remarked, "I think they knew each other." Scotti acknowledged that the Uniform Standards for Professional Appraisers of Property require that some relationships be disclosed in the written report, but he stated that, according to his understanding of the standards, casual relationships need not be disclosed. When asked about his understanding of the history and nature of the relationship between Lepes and Rainey, Scotti stated, "I have none."

formulating his opinion. It seems like they worked together on it. It's not as clear as the traditional situation where an expert is retained for just consultation purposes and will not testify. So because I believe, in my humble opinion, although this could go, I guess, either way, but in my humble opinion the foundation for Mr. Scotti's testimony was some of the information prepared by Mr. Rainey and I think it is appropriate to depose him to find out the basis, what information he presented and the basis of the information he presented, and I see it as part of the opinion for the testimony of the testimonial expert * * *."

An order denying plaintiff's motion entered on February 21, 2017. On March 16, 2017, SPF filed a petition for writ of certiorari, which we granted on December 4, 2017.

## II

## Standard of Review

It is well settled that "[o]ur review of a case on certiorari is limited to an examination of the record to determine if an error of law has been committed." *DeCurtis v. Visconti, Boren & Campbell, Ltd.*, 152 A.3d 413, 420-21 (R.I. 2017) (quoting *State v. Poulin*, 66 A.3d 419, 423 (R.I. 2013)). "In conducting such a review '[w]e do not weigh the evidence on certiorari, but only conduct our review to examine questions of law raised in the petition.'" *Cashman Equipment Corporation, Inc. v. Cardi Corporation, Inc.*, 139 A.3d 379, 381 (R.I. 2016) (alteration in original) (quoting *Crowe Countryside Realty Associates, Co., LLC v. Novare Engineers, Inc.*, 891 A.2d 838, 840 (R.I. 2006)). "Like questions of statutory construction, the interpretation of court rules of procedure is a legal question for the court." *Plante v. Stack*, 109 A.3d 846, 853 (R.I. 2015) (quoting *McDonough v. McDonough*, 962 A.2d 47, 54 (R.I. 2009)). Moreover, "with respect to determining the scope of Rule 26, we have repeatedly employed a *de novo* standard of review." *Cashman*, 139 A.3d at 381. "However, '[i]n granting or denying discovery motions, a Superior Court justice has broad discretion,' which 'this Court will not disturb * * * save for an abuse of that discretion.'" *State v. Lead Industries Association, Inc.*, 64

- 4 -

A.3d 1183, 1191 (R.I. 2013) (alteration and deletion in original) (quoting *Colvin v. Lekas*, 731 A.2d 718, 720 (R.I. 1999)).

## III

## Discussion

The plaintiff asserts that Rainey is a nontestifying expert, and, thus, in accordance with Rule 26(b)(4)(B), he may not be deposed absent a showing of exceptional circumstances. Furthermore, plaintiff argues that the hearing justice, in his decision, "fail[ed] to cite any facts that establish such 'extraordinary circumstances.'" Conversely, defendants argue that the hearing justice did not err because Rainey is not a "nontestifying expert" under Rule 26(b)(4)(B), but instead "is a relevant witness given his level of involvement with the appraisal and the fact that his work formed, at least in substantial part, the basis for Mr. Scotti's opinions and conclusions."

Rule 26(b)(4) governs discovery procedures related to experts. Rule 26(b)(4) states, in relevant part:

> "(A) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. A party may depose any person who has been identified as an expert expected to testify when the expert interrogatory has been responded to by the other party. * * *
> "(B) A party may discover facts known and opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

First, we consider whether Rainey is a nontestifying expert pursuant to Rule 26(b)(4)(B). When interpreting court rules, "it is a fundamental principle of our jurisprudence that '[w]hen the language of a rule is clear and unambiguous, this Court must give the words of the rule their plain and ordinary meanings.'" *Cashman*, 139 A.3d at 382 (alteration in original) (quoting *State v. Brown*, 88 A.3d 1101, 1110 (R.I. 2014)). We find Rule 26(b)(4)(B) to be clear and unambiguous. Moreover, looking at its plain language, we are of the opinion that Rainey is a nontestifying expert as intended by the rule. Rainey has been "retained or specially employed" as an expert appraiser by plaintiff in anticipation of litigation, albeit through his work as an independent contractor with Peter M. Scotti & Associates. Super. R. Civ. P. 26(b)(4)(B). Furthermore, plaintiff has not given defendants notice of an intent to call Rainey as a witness at trial. Thus, Rule 26(b)(4)(B) is applicable to the discovery issue at bar.

We have previously recognized that "Rule 26(b)(4)(B) provides a qualified privilege from discovery for 'facts known and opinions held'" by a nontestifying expert. *Rhode Island Depositors Economic Protection Corporation v. Mapleroot Development Corporation*, 715 A.2d 1260, 1263-64 (R.I. 1998). To depose a nontestifying expert pursuant to Rule 26(b)(4)(B), a party must make a "showing of exceptional circumstances under which it is impractica[ble] for the party seeking discovery to obtain facts or opinions on the same subject by other means."[3] *Id.* at 1261 n.1 (quoting Super. R. Civ. P. 26(b)(4)(B)). It is clear that the hearing justice in the present case failed to make a finding as to whether defendants had demonstrated "exceptional circumstances" or if it would be impracticable for defendants "to obtain facts or opinions on the same subject by other means." *Id.* (quoting Super. R. Civ. P. 26(b)(4)(B)). Rather, because the

---

[3] Rule 26(b)(4)(B) also allows for discovery pursuant to Rule 35(b) of the Superior Court Rules of Civil Procedure, providing for the physical and mental examination of persons, which is not applicable in this case.

- 6 -

hearing justice considered this situation to be outside of "the traditional situation where an expert is retained for just consultation purposes and will not testify[,]" he found it "appropriate to depose [Rainey] to find out the basis" of the information he presented to Scotti. Thus, we are of the opinion that the hearing justice erred in failing to properly apply the Rule 26(b)(4)(B) standard in this case.

Furthermore, the record is devoid of a showing of exceptional circumstances on the part of defendants. The defendants contend that they wish to depose Rainey to discover: (1) the basis of his knowledge regarding the portions of the appraisal report for which he researched; and (2) the nature of the relationship between Rainey and Lepes. First, quoting language from an opinion of a federal district court, defendants argue that they are entitled to depose Rainey on the basis that the work he performed "is exclusively within [his] cognizance," *Derrickson v. Circuit City Stores, Inc.*, No. DKC 95-3296, 1999 WL 1456538, at *8 (D. Md. Mar. 19, 1999), and because "his work formed, at least in substantial part, the basis for [Scotti's] opinions and conclusions." It is true that "our discovery rules are liberal and have been construed to 'promote broad discovery.'" *DeCurtis*, 152 A.3d at 421 (quoting *Henderson v. Newport County Regional Young Men's Christian Association*, 966 A.2d 1242, 1246 (R.I. 2009)). However, to find an exceptional circumstance for this conclusory purpose could broaden the rule significantly. In theory, a party would be able to depose any person who contributed to an expert's work in any capacity because the basis of knowledge for that work would be exclusively within that person's awareness. Furthermore, defendants have not demonstrated that it would be impracticable to obtain this information by other means. In his deposition, Scotti stated that he and Rainey *both*

worked on the research for the comparable sales. Moreover, Scotti testified that he was the person with the most knowledge about the appraisal report.[4]

Further, defendants assert that they are entitled to depose Rainey to discover the basis of his knowledge because, according to defendants, "the appraisal report was the result of, at a minimum, substantial collaborative work between Mr. Scotti and Mr. Rainey." The defendants cite to federal district court cases for the proposition that, in addition to the testifying expert, any person who performs a significant amount of work on the expert's report is subject to a deposition.[5] *See, e.g.*, *Derrickson*, 1999 WL 1456538, at *7-8; *Herman v. Marine Midland Bank*, 207 F.R.D. 26, 31-32 (W.D.N.Y. 2002) (finding that the defendant was allowed to depose a co-author of the expert's report because the co-author performed "extensive work" in connection with the report). However, defendants have failed to show how this information cannot be discovered by other means, such as resuming Scotti's deposition.

---

[4] The appraisal report also states that "[n]o one other than the undersigned prepared the analysis, conclusions and opinions concerning real estate that are set forth in this appraisal report."

[5] We have held that "where the federal rule and our state rule of procedure are substantially similar, we will look to the federal courts for guidance or interpretation of our own rule." *Crowe Countryside Realty Associates, Co., LLC v. Novare Engineers, Inc.*, 891 A.2d 838, 840 (R.I. 2006) (quoting *Smith v. Johns-Manville Corp.*, 489 A.2d 336, 339 (R.I. 1985)). Rule 26(b)(4)(B) nearly exactly parrots the language of Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure, which states:

> "(D) *Expert Employed Only for Trial Preparation*. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
> "(i) as provided in Rule 35(b); or
> "(ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means."

Second, defendants have not demonstrated "exceptional circumstances" as to the other reason set forth as to why they wish to depose Rainey; namely, to gather information about his relationship with Lepes. This information is certainly not within Rainey's "exclusive cognizance," and defendants are likely to be able to discover facts regarding this issue through other means, such as interrogatories to plaintiff or by resuming Lepes's deposition.

In sum, the hearing justice failed to properly apply the clear and unambiguous language of Rule 26(b)(4)(B) in ruling on the plaintiff's motion for a protective order, and the defendants have failed to demonstrate "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Accordingly, we find that the hearing justice erred in denying the plaintiff's motion for a protective order.

**IV**

**Conclusion**

For the reasons set forth above, we quash the order of the Superior Court. The record shall be remanded to the Superior Court with our decision endorsed thereon.

STATE OF RHODE ISLAND AND             PROVIDENCE PLANTATIONS

**SUPREME COURT – CLERK'S OFFICE**

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Sandy Point Farms, Inc., v. Sandy Point Village, LLC, et al. v. Sandy Point Farms Condominiums, LLC, et al. |
| **Case Number** | No. 2017-107-M.P.<br>(NC 05-320) |
| **Date Opinion Filed** | January 29, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Newport County Superior Court |
| **udicial Officer From Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Jeffrey S. Brenner, Esq. |
| | For Defendants:<br><br>Mark P. Dolan, Jr., Esq.<br>Mark P. Dolan, Esq.<br>Donald J. Maroney, Esq.<br>Robert J. Quigley, Esq. |