DOLORES I. LETENDRE, *Co-Admx. c.t.a. et al. vs.* RHODE ISLAND HOSPITAL TRUST COMPANY, *Ex'r.*

JULY 23, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

FLYNN, C. J.  This is an appeal from a decree of the probate court of Woonsocket allowing the executor of the estate of Joseph E. Kelly, the appellee, to file a claim against the administrators *c.t.a.* of the estate of John F. Letendre, the appellants, out of time in accordance with the second proviso of general laws 1938, chapter 578, §3, as amended. The cause is before us upon the motion of the appellee to dismiss such appeal, which was taken directly to this court in reliance upon rule 23 of the supreme court, approved February 19, 1934.

The proceeding began with the filing by the appellee of a petition for leave to file a claim against the estate of John F. Letendre out of time under the second proviso of G. L. 1938, chap. 578, §3, as amended by P. L. 1941, chap. 1003, sec. 2.  After due notice and hearing on the petition a decree allowing the filing of such claim was entered in the probate court of Woonsocket on August 14, 1947.  Later, on August 20, 1947, the claim was disallowed by the appellants.  From the decree allowing the filing of that claim the appellants

on September 15, 1947, within forty days from the entry thereof, filed in said probate court a claim of appeal and requested a certified copy of such claim and a record of the proceedings from which they appealed.

On September 30, 1947, within fifty days from the entry of said decree, the appellants filed in this court their claim and reasons of appeal, but they did not file as part of the certified record any transcript or approved summary of the evidence upon which the probate court had acted in allowing the appellee to file the claim. No transcript of evidence was made; and no summary was presented to the probate judge for approval until after the expiration of fifty days from the date of entry of the decree in question. The probate judge was then available because his sudden death in an automobile accident did not occur until October 8, 1947. That was five days *after* the expiration of the fifty-day period within which the claim of appeal and approved summary of the evidence as part of the record were required to be filed in this court according to the provisions of rule 23.

The appellee then moved to dismiss the appeal on the grounds: (1) that rule 23, permitting an appeal directly to this court from a probate decree entered under the second proviso of G. L. 1938, chap. 578, §3, is no longer effective because of the amendment of that section by P. L. 1941, chap. 1003, sec. 2; and (2) that if such rule is held to be in effect the appellants have not filed an approved summary of the evidence taken at the hearing in the probate court, which summary is made a part of the record of proceedings required by that rule to be certified and filed within fifty days from the date of the entry of the decree. The appellee further contends that even if rule 23 is found to have been complied with substantially, the appeal nevertheless should be dismissed because such rule was not within the proper exercise of judicial power, and therefore was invalid from the beginning.

The appellants, following the filing of the appellee's motion to dismiss the appeal, then filed a motion that this court permit the filing of the summary of evidence *nunc pro tunc* so as to fulfill the requirements of rule 23. In the alternative they contend that this court should accept the evidence referred to in the rescript of the probate judge as a substantial compliance with the rule so far as it relates to filing an approved summary of the evidence. They also argue that the rule-making power is inherent in this court; that rule 23 was a valid exercise of judicial power and not an invasion of the legislative function; and that such rule has never been repealed expressly by any rule of this court or by statute.

The issues thus presented involve G. L. 1938, chap. 578, §3; P. L. 1941, chap. 1003, sec. 2; and rule 23 of the supreme court, approved February 19, 1934. Section 3 of chap. 578 reads in part as follows:

> "All persons having claims * * * against the estate of a deceased person shall file statements of their claims in the office of the clerk of the probate court. * * * Claims not filed within one year from said publication shall be barred: *Provided,* that a creditor who, by reason of accident, mistake or unforeseen cause, has failed to file his claim may, at any time before distribution of the estate, file his claim, which claim, if allowed, shall be paid out of assets remaining in the hands of the executor or administrator; *provided, also* that a creditor who, by reason of any other cause, has failed to file his claim, may, at any time, before the distribution of the estate, petition the probate court for leave to file his claim, and the probate court, after notice to the executor or administrator of the estate, and a hearing on said petition, may, in its discretion, grant leave to file such claim upon such terms, if any, as said court shall prescribe, which claim, if allowed, shall be paid out of the assets remaining in the hands of the executor or administrator."

That section was amended by P. L. 1941, chap. 1003, sec. 2, and reads in part as follows:

"All persons having claims * * * against the estate of a deceased person shall file statements of their claims in the office of the clerk of the probate court. * * * Claims not filed within 6 months from said publication shall be barred: *Provided,* that a creditor, who, by reason of accident, mistake or any other cause, has failed to file his claim, may, at any time, before the distribution of the estate, petition the probate court for leave to file his claim, and the probate court, after notice to the executor or administrator of the estate, and a hearing on said petition, may, in its discretion, grant leave to file such claim upon such terms, if any, as said court shall prescribe, which claim, if allowed, shall be paid out of the assets remaining in the hands of the executor or administrator."

Rule 23, which was promulgated by this court February 19, 1934, reads:

"All appeals from an order or decree of a probate court granting or denying leave to file a claim against the estate of a deceased person under the second proviso of section 3, chapter 365, (now G. L. 1938, chap. 578) shall be taken direct to the Supreme Court, there to be heard and determined solely on the question of whether there has been an abuse of discretion by the probate court. The appellant shall, within forty days after the entry of the order or decree, file in the office of the clerk of the probate court a claim of appeal to the Supreme Court and a request for a certified copy of said claim and the record of the proceedings appealed from, and shall pay the clerk his fee therefor.

"If there is not available a stenographic report of the evidence taken before the court, the appellant shall present to the probate court for its approval a summary of said evidence. The probate court before approving such summary shall give the opposing party an opportunity to be heard thereon. The probate court may alter or amend such summary which, after being approved, shall become a part of the record of the case. Within fifty days after the entry of such order or decree, the appellant shall file in the Supreme Court a certified copy of said claim and record."

It should be noted that while the substance of the second proviso of chap. 578, §3, still appears in P. L. 1941, sec. 2, nevertheless it no longer stands as the second proviso, nor does it retain its former separate status. The causes formerly enumerated in the first proviso, under which decrees were appealable only to the superior court, are now joined with "any other cause" which formerly appeared only in the second proviso, under which, according to rule 23, decrees were appealable directly to this court. It will be noted also that the time limits provided for the taking and perfecting of an appeal directly to this court from a decree entered under the second proviso are the same under rule 23 as those which are established for all other probate appeals which are taken to the superior court under the statute.

However, assuming without deciding that rule 23 was a proper exercise of judicial power and that the later amendment of chap. 578, §3, by P. L. 1941, chap. 1003, sec. 2, did not render that rule inoperative, we nevertheless are of the opinion that the appellee's motion to dismiss the instant appeal must be granted. A rule of court, if promulgated under a proper exercise of judicial power to make rules for practice and procedure within that court, is given the same force and effect as a statute. G. L. 1938, chap. 497, §7, as amended by P. L. 1940, chap. 943. See also *Smith* v. *Haskell Mfg. Co.*, 28 R. I. 91; *Cole* v. *Davis Automobile Co.*, 33 R. I. 143. That being so, rule 23 purported to permit an appeal to be taken directly to this court from a decree entered in a probate court under the second proviso of §3, chap. 578, as amended. It provided the time limits and the substantial requirements for the claiming and perfecting of such an appeal. Such time and other limitations, therefore, would constitute jurisdictional requirements as fully as if they had been incorporated expressly in the statute.

We have held frequently that an appeal from a probate decree and all probate proceedings are statutory in origin.

Moreover, the time limit provided in the statute for the filing of appeals from probate decrees to the superior court is a jurisdictional requirement. *Dugdale* v. *Chase,* 52 R. I. 63; *Fish* v. *Field,* 40 R. I. 180. Hence, if we assume that rule 23 is valid and operative, it must be given the force and effect of a statute,. and its express conditions as to the claiming and perfecting of an appeal under the second proviso, or under P. L. 1941, chap. 1003, must be satisfied. In other words, under that rule a claim of appeal is required to be filed in the probate court within forty days from the date of entry of the decree appealed from, and such claim, together with a certified record of the proceedings including the transcript or an approved summary of the evidence, is required to be filed in this court within fifty days of that decree.

In the instant case, however, it is clear that all these requirements have not been fulfilled. It is true that a claim of appeal was duly filed in the probate court, and that the claim and reasons of appeal were filed in this court. But neither a transcript nor an approved summary of the evidence was included with the certified record; nor was either of them filed within fifty days of the date of the entry of the decree appealed from. Indeed, a summary of the evidence was not presented to the probate judge for his approval within fifty days from the entry of the decree, although he was then alive. Without such a transcript or summary of evidence we cannot pass independently upon the question whether the probate judge abused his discretion in allowing the appellee to file a claim out of time. Hence such a transcript or summary is as material and necessary a part of the procedural steps required to perfect an appeal in this court as a transcript of evidence would be in an equity appeal. See *Purcell* v. *John Hancock Mutual Life Ins. Co.,* 56 R. I. 93; *Austin* v. *Newport Trust Co.,* 65 R. I. 87; *Plouffe* v. *Taft-Peirce Mfg. Co.,* 72 R. I. 487.

The appellants, however, in support of their motion contend that we should accept the statement of the

evidence appearing in the probate judge's rescript in lieu of such an approved summary. We do not agree with this contention. Obviously we can not pass *independently* upon the evidence if we merely accept the statement thereof which appears in his rescript, particularly where the filing of at least an approved summary of the evidence as a part of the record of proceedings is a specific requirement under the rule which the appellants seek to invoke. Nor would the substantial agreement of counsel on such a summary after the expiration of the time limited for its filing supply a jurisdictional fact *nunc pro tunc.*

In the case of *Cook* v. *Greenlaw,* 58 R. I. 402, adverse counsel appeared to be willing to give the claimant a day in court if it were possible to waive a jurisdictional time requirement as to the filing of a probate appeal in the superior court. But we were unable to waive the jurisdictional requirement or to hold that there was any accident or mistake of fact which would warrant relief under another statute. Similarly in the circumstances here, assuming that rule 23 was validly promulgated and was in full force and effect, the appellants' claim of appeal cannot be considered as perfected within the jurisdictional time and procedural requirements as expressly set out in the rule invoked by them.

The appellants' motion to permit the filing of a summary of the evidence *nunc pro tunc* is denied, the appellee's motion to dismiss the appeal is granted, and the cause is remanded to the probate court of Woonsocket for further proceedings.

*Raymond J. McMahon, Raymond J. McMahon, Jr.,* for appellants.

*Tillinghast, Collins & Tanner, Harold B. Tanner, Westcote H. Chesebrough,* for appellee.