STATE

v.

**David DiSTEFANO and Michael DiStefano.**

No. 90–612–C.A.

Supreme Court of Rhode Island.

July 2, 1991.

Joshua T. Wall and Jeffrey J. Greer, Dept. of Atty. Gen., Providence, for plaintiff.

John A. MacFadyen, Providence, for respondents.

## OPINION

PER CURIAM.

This case comes before the Supreme Court pursuant to a motion filed by the defendants seeking to appeal a Superior Court judgment of conviction. Codefendant David DiStefano was found guilty of assault with a dangerous weapon, and codefendant Michael DiStefano was found guilty of assault and malicious damage to property. The defendants claim that the trial justice committed error (1) by not following the proper procedure for waiving a jury trial, (2) by overlooking and misconceiving material evidence, and (3) by allowing the prosecution to cross-examine David DiStefano with respect to his use of alcoholic beverages on the night of the alleged incident. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, it is the conclusion of this court that the defendants' second and third claims lack merit. The following discussion and analysis, therefore, will focus on the defendants' first contention.

Rule 23(a) of the Superior Court Rules of Criminal Procedure provides in pertinent part: "Cases required to be tried by jury shall be so tried unless the defendant in open court waives a jury trial in writing with the approval of the court." In the case at bar defendants did in fact voluntarily waive their right to a jury trial in open court after having been informed by the trial justice of this right and its serious nature. They did not, nor were they asked, however, to put the waiver in writing.

The purpose of requiring a defendant to execute a written waiver is both to ensure that the defendant is aware of the importance and the significance of the right he or she is waiving and to provide evidence of the defendant's consent. Although this is a case of first impression in Rhode Island, an examination of decisions from other jurisdictions reveals that criminal rules of court pertaining to jury waiver are often strictly construed. *See Rice v. People,* 565 P.2d 940, 941 (Colo.1977); *Jones v. State,* 452 So.2d 643, 645 (Fla.Dist. Ct.App.1984); *People v. Rimmer,* 59 Mich. App. 645, 647–48, 230 N.W.2d 170, 171 (1975); *People v. Brown,* 57 Mich.App. 568, 571–72, 226 N.W.2d 563, 565 (1975). Additionally it is well-settled that when a statute is free from ambiguity and expresses a clear and definite meaning, we must impart to the words contained therein their plain and obvious meaning. *Providence Journal Co. v. Kane,* 577 A.2d 661, 664 (R.I.1990); *Wilson v. Krasnoff,* 560 A.2d 335, 339 (R.I.1989); *Kastal v. Hickory House, Inc.,* 95 R.I. 366, 369, 187 A.2d 262, 264 (1963). Consequently because a rule of court has the full force and effect of law we must accord the rule the same principles of construction. *See Letendre v. Rhode Island Hospital Trust Co.,* 74 R.I. 276, 281, 60 A.2d 471, 474 (1948). We conclude, therefore, that the clear and unambiguous rule in this jurisdiction requiring a written jury waiver must be adhered to strictly.

Accordingly the defendants' appeal is sustained, and the case is remanded to the Superior Court for a new trial.

WEISBERGER, J., did not participate.

SHEA, J., recused himself from the deliberations and the decision on this matter.

KELLEHER, Justice, dissenting.

I would affirm the judgments of conviction entered by the trial justice against the defendants, Michael and David DiStefano.

It is my belief that defendants knowingly and willingly waived compliance with the requirements of Rule 23(a) of the Superior Court Rules of Criminal Procedure, which provides, in its pertinent part: "Cases required to be tried by jury shall be so tried unless the defendant in open court waives a jury trial in writing with the approval of the court."

When defendants appeared in the Superior Court in mid-September 1990, they were represented by attorneys John McBurney and John McBurney III.[1] On this occasion Michael and David were asked by the clerk of the court for their dates of birth. David responded March 7, 1964, and Michael responded November 29, 1967. At that point the trial justice then addressed the senior trial counsel: "Mr. McBurney, it's my understanding that your clients are waiving a jury in this case?" The senior attorney replied, "That's correct, Your Honor." Michael and David DiStefano were then asked by the trial justice, "Do each of you understand that you have the right to have this controversy decided by a jury of twelve people?" The defendants replied in the affirmative. The trial justice then asked the DiStefano brothers if they were aware "that you could not be convicted unless a jury of twelve unanimously agreed that you had been proven guilty beyond a reasonable doubt; if even one juror did not agree with the verdict, you could not be convicted. Do you understand that?" Again, defendants responded in the affirmative. The final inquiry from the trial justice was "Are you voluntarily waiving your right to have a jury trial in this case?" The response from both defendants was "Yes." At that point the trial began.

One of the witnesses who testified on this occasion was Richard Atkinson (Atkinson) who, at that time, resided in North Providence. Atkinson testified that at some point on the evening of November 17, 1989, he "heard a bunch of yelling." When he determined the source of yelling, he observed "two guys beating up a little kid." When asked if he knew the little kid, Atkinson said that he had seen him around the neighborhood. When the witness was asked if he recognized the two people who were "beating up the little kid," Atkinson subsequently made a courtroom identification of defendants as the assailants.

After reviewing the evidence at trial, the trial justice ruled that the state had proven beyond a reasonable doubt that defendant David DiStefano was guilty of assault with a dangerous weapon. She found that Michael DiStefano was not guilty of assault with a dangerous weapon, but the trial justice did find Michael guilty of the lesser included offense of simple assault. She also found Michael guilty of causing malicious damage.

It is well settled that defendants in general bear the burden of proving that their waivers were not freely and intelligently made. *United States ex rel. Wandick v. Chrans*, 869 F.2d 1084, 1087 (7th Cir.1989). Here, at no time during trial did trial counsel for defendants either raise the issue of the absence of a written waiver or contend that the waiver was made involuntarily or unknowingly. In these circumstances the absence of a written waiver was, in my opinion, a harmless procedural oversight that neither deprived the Superior Court justice of her subject-matter jurisdiction nor necessitates reversal of defendants' conviction on appeal. Numerous cases buttress this belief.

For example, in *United States v. Saadya*, 750 F.2d 1419, 1420 (9th Cir.1985), the court stated that a defendant may not effectively waive his or her right to a jury trial under Rule 23(a) of the Federal Rules of Criminal Procedure if the "in writing" requirement of Rule 23(a) had not been complied with. Federal Rule 23(a), like our own, provides: "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." The court went on to say, however, that "[t]he only exception is where the record clearly reflects that the defendant 'personally gave express consent in open court, intelligently and knowingly.'" 750 F.2d at 1420. Despite the absence of a writing, an oral waiver of a jury trial will nonetheless be effective in a situation in which the record indicates that the judge explained to the defendant that he or she had a right to a jury trial and the defendant expressed his or her understanding of this right, that a jury would determine the defendant's guilt or innocence, that the defendant was represented by counsel, and that the defendant knowingly and voluntarily waived this right by

---

1. At that time defendants had been charged with assaulting an individual with a dangerous weap-on; Michael was also charged with "committing malicious damage"—to wit, breaking a window.

giving express consent in open court. *See Wandick,* 869 F.2d at 1087–88.

Here we are confronted with Rule 23(a) of the Superior Court Rules of Criminal Procedure, and I believe that what was said by the Ninth Circuit Court of Appeals in *Saadya* applies with equal force to the written waiver referred to in our Rule 23(a).

The stenographic record of the jury-waived trial clearly indicates that the defendants knowingly waived their constitutional rights. Evidence produced before the trial justice indicated that both defendants were college graduates who had pursued postgraduate study at law schools in the greater Boston area. Accordingly, I would sustain the actions of the trial justice.