STATE

v.

John MORAN.

No. 91–285–M.P.

Supreme Court of Rhode Island.

March 25, 1992.

James E. O'Neil, Atty. Gen., Terrence P. Donnelly, Stephen G. Dambrusch, Asst. Attys. Gen., for plaintiff.

Richard Casparian, Public Defender, Barbara Hurst, Paula Rosin, Asst. Public Defenders, for defendant.

## OPINION

MURRAY, Justice.

This petition for writ of certiorari was filed by John Moran requesting this court to reverse a Superior Court order denying the petitioner's motion to waive jury trial.

On February 23, 1989, the Kent County Grand Jury indicted John Moran (Moran) on one count of first-degree murder. Moran was arraigned on February 24, 1989, and on March 7, 1989, Moran filed a notice of his intention to rely upon a defense of lack of criminal responsibility due to mental illness.

On May 30, 1991, defense counsel informed the trial justice in a chambers conference that petitioner wished to waive his right to a jury trial. On May 31, 1991, petitioner filed a written motion to waive jury trial pursuant to Rule 23(a) of the Superior Court Rules of Criminal Procedure. The state objected to petitioner's motion.

Thereafter the trial justice heard arguments by opposing counsel and engaged petitioner in a colloquy. During the colloquy petitioner acknowledged his right to a jury trial guaranteed by the Rhode Island and United States Constitutions and expressed understanding that no one could take away this right without his consent. The petitioner expressed understanding of the difference between a jury and a bench trial, and then stated his preference for a bench trial. He explained that he would rather have a judge decide his case because he felt a judge would have a more experienced understanding of the issues surrounding petitioner's lack-of-criminal-responsibility defense than a jury.

The trial justice then questioned petitioner concerning his understanding of the appellate process.

"THE COURT: Okay. I appreciate your confidence. Now, you understand that once you have your trial, if you don't like the outcome and you don't like the way I considered the facts, it may be that you will never get another trial and you will never get another chance to go before a jury; do you realize that?

"MORAN: No, I don't know that, your Honor. I was under the impression you could appeal if you lost. I was under the impression if you were found guilty, you could always appeal.

"THE COURT: Yes. Now, you can appeal, but it may be that you will lose your appeal. What I'm trying to tell you is that if you waive your right to a jury trial, and you don't like the way it comes out, and then you go for an appeal and the Supreme Court disagrees with you, you can't say, 'Well, you know, I think I'll have my jury trial now because I sure didn't like the way that came out.' You might lose your appeal too, and if that happens you will never ever see a jury; do you understand that?

"MORAN: Not really, your Honor. I was under the impression I could decide whether I could have a jury or not no matter how many times it went before the Court."

The trial justice did not address petitioner further and subsequently denied petitioner's motion explaining that "the Court is absolutely satisfied that he [Moran] has not and probably cannot make a knowing and intelligent waiver of his right to a trial by jury." The trial justice then stated other factors she considered in denying petitioner's motion. These factors included petitioner's psychiatric history, the public interest in protecting any defendant from waiving a fundamental right, and the public interest in an insanity defense. Thereafter, defense counsel filed a motion for competency evaluation which was denied. Three days later, on June 3, 1991, petitioner filed a motion for a stay pending appeal to this court which was also denied.

Moran subsequently filed a petition for writ of certiorari with this court and requested this court issue an order directing the Superior Court to stay further proceedings. On June 4, 1991, this court issued an order staying the impaneling of a jury pending consideration of the petition by the full court, but allowing the Superior Court to proceed with hearings on pretrial motions. On June 6, 1991, we ordered petitioner to undergo a competency examination, and on June 11, 1991, we granted the petition for writ of certiorari.

The petitioner raises two issues for review. First, petitioner asserts that the trial justice erred in denying petitioner's motion to waive jury trial. Second, petitioner claims that the trial justice erred in refusing to refer petitioner for competency testing given that the court determined petitioner unable to make a knowing, intelligent, and voluntary waiver.

The petitioner asserts that Rhode Island law provides a criminally accused with the unilateral right to waive a jury trial subject only to judicial determination that the waiver is made in a knowing, intelligent, and voluntary fashion. The petitioner contends that he executed a knowing, intelligent, and voluntary waiver to a jury trial and that the trial justice erred as a matter of law in considering factors other than the nature of petitioner's decision in denying petitioner's motion to waive jury trial.

Rhode Island law is well settled that a criminally accused defendant has an absolute right to waive a trial by jury if the waiver is knowing, intelligent, and voluntary. *State v. Cruz*, 517 A.2d 237, 243–44 (R.I.1986); G.L.1956 (1981 Reenactment) § 12–17–3; Super. R.Crim. P. 23(a); *but see Singer v. United States*, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965) (there is no Federal Constitutional right to a jury waived trial). This substantive right to invoke a bench trial belongs to the defendant and is subject only to the procedural requirement that a trial justice determine that the defendant understands and accepts the consequences of executing a waiver. Rule 23(a) provides:

"Trial by jury or by the court.—(a) *Trial by Jury.* Cases required to be tried by jury shall be so tried unless the defendant in open court waives a jury trial in writing with the approval of the court."

The reporter's notes to Rule 23 explain that the rule conforms to existing Rhode Island practice as prescribed in § 12–17–3 and that Rule 23 differs from the federal rule by requiring the waiver to be made in open court and by not requiring the prosecution's consent. The deletion of the requirement for the prosecution's consent is to preclude the necessity for an adversarial proceeding, and the sole purpose of requiring the court's approval is to ensure that the waiver is made intelligently and with full knowledge of its consequences. *Cruz,* 517 A.2d at 243. Accordingly, the court's role in a motion to waive jury trial is procedural, and the judge's sole task in this proceeding is to determine whether defendant knowingly and intelligently waived his constitutional right to jury trial. *Id.* at 244. *See also State v. Griffin,* 567 A.2d 796, 799–800 (R.I.1989) (a waiver must amount to an intentional relinquishment or abandonment of a known right or privilege); *cf. State v. Kennedy,* 586 A.2d 1089, 1091–92 (R.I.1991) (criminal defendant has an unequivocal right to proceed pro se regardless of whether defendant could better defend himself with an attorney).

In the instant case petitioner asserted his right to waive a jury trial. The trial justice engaged petitioner in an open-court colloquy, questioning petitioner concerning his long-time mental infirmity and his understanding of the rights relinquished in exercising a waiver. The record of this conversation shows that petitioner understood the difference between bench and jury trials. The petitioner articulately responded to all questions, and only in the last exchange did petitioner indicate a misunderstanding of appellate procedure. The trial justice did not explain the misunderstanding to petitioner or question petitioner further. The trial justice then denied petitioner's motion, basing her decision on petitioner's misunderstanding, petitioner's psychiatric history, the public interest in protecting a defendant from waiving a fundamental right, and the public interest in an insanity defense. Specifically, the trial justice cited *State v. Johnson,* 121 R.I. 254, 267–68, 399 A.2d 469, 476–77 (1979), as identifying the importance of having a jury assess blameworthiness in light of community standards.

In considering these factors the trial justice erred. Under principles announced in *Cruz,* a trial justice may not consider any factors other than whether defendant's decision is made in a knowing, intelligent, and voluntary manner. If the defendant satisfies these criteria, the defendant has an absolute right to a jury-waived trial.

The second issue the petitioner raises is whether the trial justice erred in refusing petitioner's request for competency testing after the trial justice determined that the petitioner was unable to make a knowing, intelligent, and voluntary waiver. Pursuant to this court's order entered June 6, 1991, the petitioner was ordered to undergo a competency determination at the Institute of Mental Health. By letter dated July 24, 1991, an evaluation from the Institute of Mental Health stated that the petitioner is competent to stand trial; therefore, the issue is moot.

For the reasons stated, Moran's petition for writ of certiorari is granted and the order entered below is quashed. The case is remanded to the Superior Court with instructions to conduct a further hearing on the petitioner's request for a jury-waived trial in accordance with this opinion.