to the Superior Court for further proceedings.

STATE

v.

John Babcock BROWN, III.

No. 91–194–C.A.

Supreme Court of Rhode Island.

Feb. 12, 1993.

Aaron Weisman, Jeffrey Greer, Providence.

Catherine Gibran, Barbara Hurst, Providence.

ORDER

This matter was before the Supreme Court on the motion of defendant for a supplemental order in this matter. In this case the defendant had been convicted following a nonjury trial in Superior Court of operating a motor vehicle on a suspended license and also obstruction of justice. Before this court the Attorney General concedes and the defendant argues that his conviction in this case must be vacated pursuant to *State v. DiStefano,* 593 A.2d 1351 (R.I.1991).

In the light of the State's concession we vacate the conviction appealed from and remand the case to the Superior Court for trial.

STATE

v.

Carlos ROCHA.

No. 92–358–C.A.

Supreme Court of Rhode Island.

Feb. 12, 1993.

Michael Egan, Jeffrey Greer, Providence.

Janice Weisfeld, Barbara Hurst, Providence.

ORDER

This matter came before the Supreme Court pursuant to an order issued to both the state and defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case defendant appeals from a Superior Court conviction of simple assault and battery after a jury trial.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of the court that cause has not been shown.

The defendant has failed to show any prejudice resulting from the joinder for trial of two separate cases involving similar activity. *See State v. Young,* 414 A.2d 185, 186 (R.I.1980).

We have carefully considered the other issues raised by defendant on appeal and conclude they are without merit. The defendant's appeal is, therefore, denied and dismissed, the judgment of conviction appealed from is affirmed and the papers of the case are remanded to the Superior Court.