STATE

v.

Gary PAULL.

No. 98–281–C.A.

Supreme Court of Rhode Island.

Oct. 26, 1999.

Aaron L. Weisman, Providence, for plaintiff.

John P. Larochelle, Providence, for defendant.

Present WEISBERGER C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

### PER CURIAM.

This case came before the Court for oral argument on October 5, 1999, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

In a nonjury trial, a trial justice found defendant, Gary Paull (defendant), guilty of two counts of first-degree child molestation and two counts of second-degree child molestation. On appeal defendant asserts two claims of error. First, defendant asserts that he did not waive his right to a jury trial in open court in writing prior to commencement of his trial. Second, he argues that he did not knowingly and intelligently waive his right to a jury trial. Since we agree that defendant did not waive a jury trial in open court in writing prior to trial as required by Rule 23(a) of the Superior Court Rules of Criminal Procedure, we do not reach his second contention. The facts insofar as pertinent to this appeal are as follows.

Prior to defendant's bench trial, the trial justice, counsel for defendant, and defendant himself engaged in a brief colloquy concerning defendant's waiver of his right to a jury. The trial justice cautioned defendant that by waiving his right to a trial by jury, his chances of prevailing on appeal, if convicted, were slim, and his odds of prevailing were greater with a jury since he would only have to convince one juror out of twelve of his innocence. The defendant nonetheless orally waived his right to a jury trial. After the one-day bench trial, the trial justice found defendant guilty. Following his conviction and while in the courthouse holding cell awaiting transportation to the Adult Correctional Institutions, defendant signed a jury-trial waiver form.

Rule 23(a) provides in pertinent part that "[c]ases required to be tried by jury shall be so tried unless the defendant *in open court waives a jury trial in writing* with the approval of the court." (Emphasis added.) In the instant case defendant did orally waive his right to a jury trial in open court after the trial justice informed him of this right and its potentially perilous consequences. The defendant, howev-

er, did not, nor was he asked to, put the waiver in writing until after his conviction.

In *State v. DiStefano,* 593 A.2d 1351 (R.I.1991), a case similar to the instant one, the defendants were convicted of various criminal charges after a bench trial. Before the trial began, the defendants expressed their desire to waive their right to a jury trial. In open court the trial justice explained to the defendants that they had a right to a jury trial and could not be convicted unless twelve jurors unanimously agreed that they had been proven guilty beyond a reasonable doubt. The defendants stated that they understood the rights they were waiving. The trial justice further asked if the defendants were voluntarily waiving their right to a jury trial, to which they responded in the affirmative. The case then proceeded to trial without a written waiver by the defendants. Despite the inquiry from the trial justice, we held that "[t]he purpose of requiring a defendant to execute a written waiver is both to ensure that the defendant is aware of the importance and the significance of the right he or she is waiving and to provide evidence of the defendant's consent." *DiStefano,* 593 A.2d at 1352. Since Rule 23(a) expressed a clear and definite mandate free from ambiguity, we maintained that its requirement of a written jury waiver be adhered to strictly. For identical reasons we require the same scrupulous adherence to Rule 23(a)'s command in the instant case.

Accordingly the defendant's appeal is sustained, the defendant's judgment of conviction is vacated, and the case is remanded to the Superior Court for a new trial.