March 28, 2019

**Supreme Court**

No. 2017-122-C.A.

(P1/10-3733A)

State              :

v.                :

Julio Morais.        :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                     :

v.              :

Julio Morais.         :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**  After a bench trial in Providence County Superior Court, the trial justice found the defendant, Julio Morais (defendant), guilty of four counts of first-degree child molestation sexual assault.  On appeal, the defendant argues that the trial justice erred, pursuant to Rule 23(a) of the Superior Court Rules of Criminal Procedure, when he accepted a jury-waiver form that the defendant had signed outside the presence of the trial justice; thus, the defendant contends that the trial justice lacked jurisdiction to conduct a bench trial.  The defendant further contends that his colloquy with the trial justice failed to demonstrate that the defendant knowingly, intelligently, and voluntarily waived his right to a jury trial. Finally, the defendant argues that the trial justice did not adequately explain the differences between a jury trial and a bench trial.  For the reasons set forth herein, we affirm the judgment of conviction.

## I

### Facts and Travel

In light of the nature of defendant's appeal now before us, we do not deem it necessary to discuss the specific and graphic nature of the criminal activity for which defendant stands

convicted.  We simply note that on December 9, 2010, defendant was charged by criminal indictment with five counts of first-degree child molestation sexual assault, in violation of G.L. 1956 §§ 11-37-8.1 and 11-37-8.2, for alleged incidents involving his stepdaughter.  Prior to trial, defendant signed a jury-waiver form in the cellblock of the Providence County courthouse—the validity of which is at issue in this appeal.  On September 9, 2013, after defendant had signed the jury-waiver form, the following colloquy transpired between the trial justice and defendant, on the record, in open court:

| | |
|---|---|
| "THE COURT: | Sir, there is one other thing that we will do today, before we will begin the trial.  The State has all of or many of their witnesses all set to go tomorrow so we won't be doing anything today on your trial, except it is my understanding that you have made a decision in this case to give up your right to a jury trial.  Is that correct, sir? |
| "THE DEFENDANT: | That is true. |
| "THE COURT: | Before you do that, sir, I want to make sure you understand that you have a constitutional right to have a trial by jury and that jury would consist of your fellow citizens here in the State of Rhode Island.  They come in for jury duty and then we have a process of selecting them, and in a criminal case like this we would have 12 jurors sit right over there in the jury box and listen to the case and make a decision as to your guilt or innocence at the end of the trial and it is my understanding, sir, you do not want a jury trial, correct? |
| "THE DEFENDANT: | No, I do not. |
| "THE COURT: | So you are asking that I make the decision as the Judge at the end of |

the case that I will make the decision as the judge in this trial as to your guilt or innocence? Correct, sir?

"THE DEFENDANT: Yes.

"THE COURT: And you are comfortable doing that?

"THE DEFENDANT: Yes.

"THE COURT: And I'm sure you spoke to * * * your attorney about that and he—

"THE DEFENDANT: Yes.

"THE COURT: And he answered any questions you may have had about how that process works?

"THE DEFENDANT: Yes.

"THE COURT: And you understand what you are doing?

"THE DEFENDANT: Yes.

"THE COURT: You are not confused at all?

"THE DEFENDANT: No.

"THE COURT: All right. Well, this defendant appears to be articulate and appears to understand the nature of the right that he is giving up, and has elected to proceed to a bench trial with a decision [that] will be made by the Judge rather than electing trial by jury. So, I have a form in front of me. I'm going to sign it."

Following a brief discussion regarding other matters, the trial justice stated: "I have signed his waiver of jury trial. It is a voluntary and knowing waiver[.]"

While the record indicates that the colloquy was between the trial justice and defendant, we note that, because English is not defendant's first language, a Creole interpreter was present

and assisted defendant throughout the above discussion and during the course of trial.[1] Moreover, in an affidavit submitted as part of his appeal, defendant attested that his attorney and the interpreter were present in the cellblock when he signed the jury-waiver form.

Thereafter, the matter proceeded to a bench trial, which ran from September 10, 2013, until September 18, 2013. The trial justice ultimately found defendant guilty of four counts of first-degree child molestation sexual assault and sentenced him, on November 18, 2013, to four concurrent fifty-year sentences, with thirty-five years to serve at the Adult Correctional Institutions and fifteen years suspended, with probation.[2] On November 19, 2013, defendant filed a timely notice of appeal. On appeal, defendant challenges the trial justice's jurisdiction to preside over his bench trial on the basis that defendant signed his jury-waiver form outside of the presence of the trial justice and also alleges that the trial justice's colloquy with defendant was inadequate to establish a knowing, intelligent, and voluntary waiver of his right to a jury trial.[3]

On November 28, 2017, this Court granted defendant's request—uncontested by the state—to "remand the * * * case to the Superior Court for the purpose of conducting a brief hearing to determine where [defendant] signed the jury waiver form * * * and further, to hold [defendant's] appeal in abeyance until the trial justice makes that determination." The trial justice held a hearing for that purpose on January 19, 2018. During that hearing, after

---

[1] At the outset of the proceedings on September 9, 2013, the trial justice stated: "I want the record to reflect that throughout this trial we have this interpreter assisting the defendant so he can fully understand the nature of these proceedings obviously with the assistance of that interpreter. So she will be seated with [defense counsel] and the defendant throughout the trial."

[2] Prior to trial, the state dismissed count five pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure.

[3] The defendant's privately-retained trial counsel filed the timely notice of appeal; however, the trial transcript was not ordered at that time, and therefore the appeal was not docketed in this Court. In the summer of 2016, defendant contacted the Office of the Public Defender. After the office interviewed defendant and found him to be financially eligible, it ordered the trial transcript. The defendant's appeal was docketed in this Court on March 29, 2017.

acknowledging his lack of recall regarding the specific series of events of the 2013 trial, the trial justice explained the following on the record:

> "I can say that when we reach that point in a case, what typically happens in almost every case that I can recall is I take the bench when the defendant is already in the courtroom with defense counsel. I am handed the waiver of jury trial forms. I then review that form with the defendant, in particular verifying that he did in fact sign it, that he did in fact discuss it to whatever extent he needed to with his attorney. I hold the form up and say is that your signature, and sometimes have a brief colloquy. So, I'm satisfied that he understands that he is giving up the right to have the case tried in front of a group of his fellow citizens from the State and that I would be the fact finder and decider of the case in a jury waived trial. I do that consistently, but obviously that process from beginning to end does not focus and has never focused on where the document was actually signed.

> "So, I agree that there is nothing in the colloquy in this case that indicates where the form was signed, and it is not a question I typically ask. So, in this case I cannot say whether the form was signed in the courtroom, in another location such as the cell block, I really have no independent recollection of where the form was signed that was reviewed with the defendant."

Thereafter, defendant's case was returned to this Court for full briefing and argument.

In challenging the trial justice's jurisdiction over his trial, defendant contends that "he signed the jury waiver form—drafted in a language that he does not speak or read—while being held under lock and key in the Licht Courthouse cellblock." Thus, he argues that his written waiver was invalid under Rule 23(a)'s open-court requirement. Further, defendant avers that, even if the written requirement was satisfied, the trial justice's colloquy with defendant was inadequate because the trial justice erred in not considering certain factors in making his determination on defendant's knowing, intelligent, and voluntary waiver and the trial justice did not address certain distinctions between a jury trial and a bench trial. On the other hand, the state argues that the written waiver requirement of Rule 23(a) was met because defendant

acknowledged in a sworn affidavit that he had executed the waiver prior to trial. In addition, the state posits that the trial justice adequately ensured that defendant's waiver of a jury trial was knowing, intelligent, and voluntary.

## II

## Standard of Review

"When interpreting statutes and court rules, we apply a *de novo* standard of review." *State v. Goncalves*, 941 A.2d 842, 847 (R.I. 2008) (quoting *State v. Brown*, 898 A.2d 69, 76 (R.I. 2006)). "In construing statutes or court rules, it is a fundamental principle of our jurisprudence that 'when the language of a rule is clear and unambiguous, this Court must give the words of the rule their plain and ordinary meanings.'" *Cashman Equipment Corporation, Inc. v. Cardi Corporation, Inc.*, 139 A.3d 379, 382 (R.I. 2016) (brackets omitted) (quoting *State v. Brown*, 88 A.3d 1101, 1110 (R.I. 2014)). "If we 'find the statute or rule to be unambiguous, we simply apply the plain meaning and our interpretive task is done.'" *Id.* (brackets omitted) (quoting *Shine v. Moreau*, 119 A.3d 1, 9 (R.I. 2015)).

## III

## Discussion

As we have explained, "Rhode Island law is well settled that a criminally accused defendant has an absolute right to waive a trial by jury if the waiver is knowing, intelligent, and voluntary." *State v. Moran*, 605 A.2d 494, 496 (R.I. 1992); *see* G.L. 1956 § 12-17-3; Super. R. Crim. P. 23(a); *but see Singer v. United States*, 380 U.S. 24, 26 (1965) (holding that there is no federal constitutional right to a jury-waived trial). "This substantive right to invoke a bench trial belongs to the defendant and is subject only to the procedural requirement that a trial justice determine that the defendant understands and accepts the consequences of executing a waiver[,]"

pursuant to Rule 23 of the Superior Court Rules of Criminal Procedure. *Moran*, 605 A.2d at 496. Rule 23(a) provides that "[c]ases required to be tried by jury shall be so tried unless the defendant in open court waives a jury trial in writing with the approval of the court."

The defendant avers that the language of Rule 23(a) requires that the waiver form be signed in the presence of the trial justice and that a defendant's understanding of his waiver be placed on the record in open court. The defendant cites to our opinions in *State v. DiStefano*, 593 A.2d 1351 (R.I. 1991), and *State v. Paull*, 739 A.2d 661 (R.I. 1999), in support of his position that his jury-trial waiver was void. In *DiStefano*, the defendants voluntarily waived their rights to a jury trial, orally, in open court; however, the defendants did not, and were not asked to, put their waivers in writing. *DiStefano*, 593 A.2d at 1352. Accordingly, this Court held on appeal that the defendants had not properly waived a trial by jury because a written waiver was required pursuant to Rule 23(a). *Id.* In *Paull*, the defendant orally waived his right to a jury trial in open court prior to a one-day bench trial at which the trial justice found the defendant guilty. *Paull*, 739 A.2d at 661. Following his conviction, the defendant signed a jury-trial waiver form while he awaited transportation to the ACI. *Id.* Again, we held that the defendant's waiver did not abide by the standards of Rule 23(a) and that his waiver was therefore invalid. *Id.* at 662.

We did not hold in those cases, however, that a defendant must sign and execute a written waiver in open court before the trial justice. Accordingly, because it is undisputed—as evidenced by defendant's affidavit—that defendant signed the jury-waiver form prior to the commencement of his bench trial, and because a waiver colloquy took place in open court on the record, our opinions in *DiStefano* and *Paull* are factually distinguishable from the facts of the case now before us.

We next consider the language of Rule 23(a) in light of our rules of statutory and court rule interpretation. In *DiStefano*, we explained that "an examination of decisions from other jurisdictions reveals that criminal rules of court pertaining to jury waiver are often strictly construed." *DiStefano*, 593 A.2d at 1352. Moreover, we held that "it is well[]settled that when a statute is free from ambiguity and expresses a clear and definite meaning, we must impart to the words contained therein their plain and obvious meaning." *Id.* "Consequently because a rule of court has the full force and effect of law we must accord the rule the same principles of construction" as a statute. *Id.*

Because this is an issue of first impression for this Court, defendant refers us to a provision of the New York Constitution and a corresponding state statutory provision governing jury-trial waivers in support of his argument that his waiver was invalid because he did not sign the waiver form in open court in the presence of the trial justice. The New York Constitution requires that a jury waiver be made "by a written instrument *signed by the defendant in person in open court before and with the approval of a judge or justice* of a court having jurisdiction to try the offense." New York Const. Art. 1, § 2 (emphasis added); *see* N.Y. Crim. Proc. Law § 320.10(2) ("Such waiver must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court."). The defendant refers us to a New York appellate court case that has interpreted these constitutional and statutory requisites to require a defendant to sign his or her waiver in writing in open court before the trial justice in order to give up his or her right to a jury trial. *See People v. Davidson*, 525 N.Y.S.2d 855, 856-57 (N.Y. App. Div. 1988). In *Davidson*, the court concluded that the record lacked evidence establishing that the defendant had executed the jury-waiver form in "open court" and further reasoned that the record was devoid of anything which would allow the

court to conclude that the defendant's waiver "was 'made knowingly and understandingly, based on an intelligent, informed judgment[.]'" *Id.* at 857 (internal citations omitted).

In reading the plain language of New York's constitutional and statutory counterpart to our Rule 23(a), we are unconvinced by defendant's suggestion that we should follow the interpretations by courts applying the New York framework. It is clear that the language of the New York Constitution and statute is glaringly different from the requirements of Rule 23(a). Unlike the New York statutory language—providing that the waiver must be "signed by the defendant in person in open court in the presence of the court"—Rule 23(a) and our caselaw interpreting the rule simply mandate that, in addition to the requirement that a waiver be made in open court through a discussion with the judge, the waiver must be put in writing prior to the start of a bench trial. The plain language of Rule 23(a) does not require that a defendant must sign and execute the written waiver form in the presence of the trial justice.

On the other hand, in arguing that defendant's jury-trial waiver here satisfied Rule 23(a), the state refers us to Ohio's statutory equivalent, which reads, in part:

> "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *
>
> "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel." Ohio Rev. Code Ann. § 2945.05.

The Ohio appellate courts have interpreted the phrase "in open court" to mean orally and on the record.[4] In *State v. Burnside*, 930 N.E.2d 372 (Ohio Ct. App. 2010), the Court of Appeals of

---

[4] The defendant also refers us to Ohio law and cites to *State v. Pless*, 658 N.E.2d 766 (Ohio 1996). However, in that case, the Ohio Supreme Court did not address whether the waiver must be signed in the presence of the judge; rather, the court simply ruled based upon the fact that a written waiver was never filed. *Id.* at 768-69. As noted in our discussion herein, defendant in the

Ohio stated that the "open court" requirement was satisfied as long as there is "some evidence in the record of the proceedings that the defendant acknowledged the waiver to the trial court while in the presence of counsel, if any." *Burnside*, 930 N.E.2d at 377. In reaching its conclusion, the court referred to holdings by both the Court of Appeals of Ohio and the Supreme Court of Ohio that the waiver requirements of the applicable rule of criminal procedure and "[§] 2945.05 are satisfied when [a] defendant signs a written waiver outside of the courtroom *and the court reaffirms this waiver in open court*." *Id.* at 378 (internal citation omitted); *see also State v. Tango*, 53 N.E.3d 961, 968 (Ohio Ct. App. 2015) (rejecting the defendant's argument that his jury-trial waiver was invalid where he discussed and signed the waiver form with counsel prior to his court hearing, because the trial judge had engaged in a verbal colloquy with the defendant on the record to confirm his desire to waive a jury trial); *State v. Strickland*, 918 N.E.2d 170, 174 (Ohio Ct. App. 2009) (holding that "it is not necessary that the written waiver be signed in open court to be valid"; rather, "as long as the signed writing has been made a part of the record and the waiver is reaffirmed in open court, the procedural requirements of [Ohio's jury-trial waiver statute and corresponding rule of criminal procedure] are satisfied").

We held in *DiStefano* that "[t]he purpose of requiring a defendant to execute a written waiver is both to ensure that the defendant is aware of the importance and the significance of the right he or she is waiving and to provide evidence of the defendant's consent." *DiStefano*, 593 A.2d at 1352. "The sole purpose in requiring the approval of the court and mandating that the waiver be made in open court is to assure that the defendant who waives a jury trial does so intelligently and with full knowledge of the consequences of his waiver." *State v. Cruz*, 517 A.2d 237, 243 (R.I. 1986).

---

case at bar signed a waiver form, and the form was made part of the record. Consequently, we find that *Pless* is also inapplicable to the facts of this case.

We opine that Ohio's framework is a more similar counterpart to our Rule 23(a) than the New York framework, and we therefore reach a similar holding as the Ohio courts. During the colloquy on the record, the trial justice in the present case confirmed defendant's decision to waive his right to a jury trial on the record, in open court, and the trial justice approved and signed the written jury-waiver form that had been executed by defendant. Accordingly, we are satisfied that the written waiver met the requirement of Rule 23(a), and we proceed to consider whether defendant knowingly, intelligently, and voluntarily waived his right to a jury trial.[5]

According to defendant, notwithstanding the open-court issue, his jury-trial waiver was invalid based on the colloquy between him and the trial justice. Specifically, defendant highlights his inability to speak English, his lack of education, and his unfamiliarity with the criminal justice system in support of his argument that he could not have intelligently waived his right to a jury trial. Further, defendant argues that the trial justice erred in conducting the discussion with him because the trial justice did not inform defendant of certain information regarding the jury-trial process.

We begin with defendant's contention that the trial justice failed to consider his personal background. As set out above, in *Moran*, we explained that the "substantive right to invoke a bench trial belongs to the defendant and is subject only to the procedural requirement that a trial justice determine that the defendant understands and accepts the consequences of executing a waiver." *Moran*, 605 A.2d at 496. In that case, in an open-court colloquy, the trial justice questioned the defendant concerning his "long-time mental infirmity and his understanding of

---

[5] While we hold that the written-waiver requirement was satisfied under the facts before us and pursuant to the language of Rule 23(a), we would note that the better practice may be for an attorney, and an interpreter if applicable, to discuss the waiver with a defendant outside of court, and that a defendant thereafter sign the waiver form during the proceeding in open court. We make clear, however, that Rule 23(a) does not mandate this procedure. It is our holding that a written waiver signed prior to the start of a bench trial satisfies the requirements of Rule 23(a).

the rights relinquished in exercising a waiver." *Id.* at 497. The trial justice ultimately denied the defendant's request to waive a jury trial, basing her decision on the defendant's apparent misunderstanding of appellate procedure, his psychiatric history, the public interest in protecting the defendant from waiving a fundamental right, and the public interest in an insanity defense. *Id.* On certiorari, this Court held that the record revealed that the defendant understood the difference between bench and jury trials and had "articulately responded to all questions, and only in the last exchange did [the defendant] indicate a misunderstanding of appellate procedure." *Id.* Further, we held that the trial justice erred in considering "any factors other than whether [the] defendant's decision is made in a knowing, intelligent, and voluntary manner." *Id.*

Here, we note that, during the colloquy, defendant responded affirmatively to the trial justice's inquiries as to whether defendant had spoken with his attorney, whether his attorney had answered any questions defendant had about the process, and whether defendant understood what he was doing. Finally, we highlight that defendant answered, "No" when the trial justice asked him, "You are not confused at all?" Relying on *Moran*, we are confident that, in the matter before us, the trial justice's colloquy with defendant, in open court, provided adequate information for the trial justice to determine that defendant's waiver was knowing, intelligent, and voluntary, without delving into the specifics of defendant's level of education, language capabilities, or criminal history.

The defendant also avers that the trial justice's colloquy with defendant—explaining the differences between a jury trial and a bench trial—and his responses to the judge's inquiries lacked certain essential factors. Specifically, citing to *United States v. Martin*, 704 F.2d 267 (6th Cir. 1983), and *Ciummei v. Commonwealth*, 392 N.E.2d 1186 (Mass. 1979), defendant contends that "most jurisdictions require that such waivers demonstrate at least three elements: that the

- 12 -

accused is informed that his or her jury will be chosen from the members of the community, that their verdict must be unanimous, and that the defendant will be allowed to participate in the selection of the jury panel." Indeed, federal caselaw suggests that "[a]t a minimum, a defendant should be informed that a jury is composed of 12 members of the community, he may participate in the selection of jurors, the verdict of the jury must be unanimous, and that a judge alone will decide guilt or innocence should he waive his jury trial right." *Martin*, 704 F.2d at 274-75.

The Massachusetts Supreme Judicial Court announced a similar suggestion in *Ciummei*, where the court stated that it did

> "not intend to create a rigid pattern but note that * * * the judge might state that the jury consists of members of the community, that the defendant may participate in their selection, that the verdict of the jury must be unanimous, that they decide guilt or innocence while the judge makes rulings of law in the course of the trial, instructs the jury on the law, and imposes sentence in case of guilt; and that, where a jury is waived, the judge alone decides guilt or innocence in accordance with the facts and the law." *Ciummei*, 392 N.E.2d at 1189-90.

Further, the court suggested that "[t]he judge should make sure that [a] defendant has conferred with his counsel about the waiver, and that he has not been pressured or cajoled and is not intoxicated or otherwise rendered incapable of rational judgment." *Id.* at 1190. In contrast to the Massachusetts Supreme Judicial Court, however, we have never proclaimed a bright line rule or even suggestions delineating requirements for a colloquy between a trial justice and a defendant regarding the differences between a jury trial and a non-jury trial.

We are satisfied here that the trial justice adequately explained the jury-selection process to the defendant and that the trial justice's colloquy with the defendant satisfied the requirements of Rule 23(a). The record reflects that the trial justice explained the defendant's right to have a jury of twelve of his fellow Rhode Island citizens, that a selection process would take place, and that the jurors would make a decision regarding his guilt or innocence. Thereafter, defendant

declared, on the record, his unequivocal desire to waive his right to a jury trial. The trial justice went on to explain his role as the decisionmaker in a bench trial. The defendant responded in the affirmative to the trial justice's inquiries about whether he was comfortable with a bench trial, whether the defendant had the opportunity to speak with his attorney about waiving his right, and whether his attorney had answered any questions he may have about the process. Finally, the defendant confirmed that he understood what he was doing and that he was not at all confused. In light of this exchange in open court, we are satisfied that the defendant made a knowing, intelligent, and voluntary waiver of his right to a jury trial.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of conviction. The record shall be returned to the Superior Court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Julio Morais. |
| **Case Number** | No. 2017-122-C.A.<br>(P1/10-3733A) |
| **Date Opinion Filed** | March 28, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Daniel A. Procaccini |
| **Attorney(s) on Appeal** | For State:<br><br>Lauren S. Zurier<br>Department of the Attorney General<br><br>For Defendant:<br><br>Lara E. Montecalvo<br>Office of the Public Defender |