May 26, 2021

**Supreme Court**

No. 2018-277-C.A.
(P 16-114CR)

State                          :

     v.                        :

Brittany Michaud.              :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

|  |  |
|---|---|
| State | : |
| v. | : |
| Brittany Michaud. | : |

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The defendant, Brittany Michaud, appeals from a judgment of conviction following a bench trial in Family Court for cruelty to or neglect of a child, in violation of G.L. 1956 § 11-9-5.[1] The defendant was sentenced to a one-year suspended term of imprisonment, with probation. The defendant raises two issues on appeal. First, the defendant argues that the trial justice erred by proceeding with a bench trial without a knowing, intelligent, and voluntary waiver of the defendant's right to a jury trial. Second, the defendant asserts that the trial justice erred by finding habitual neglect in this case. For the reasons set forth herein, we vacate the judgment of the Family Court.

---

[1] General Laws 1956 § 11-9-9 was amended effective June 18, 2018, vesting the Superior Court with jurisdiction over violations of § 11-9-5. *See* P.L. 2018, ch. 44, § 1. The defendant's trial took place in 2017, prior to this amendment.

# I

## Facts and Travel

In light of the nature of defendant's appeal now before us, we do not deem it necessary to discuss the specific nature of the criminal activity for which defendant stands convicted. We simply note that, in 2016, defendant was charged with "having custody and control of [her fifteen-month-old daughter], a child under the age of eighteen (18) years[,]" and "wrongfully caus[ing] that child to suffer for want of proper care or oversight, in violation of * * * § 11-9-5."

A bench trial was held over several days between September 18, 2017, and October 6, 2017. On the second day of trial, after two witnesses had already testified, the following exchange took place:

> "[PROSECUTOR]: There was one thing brought to my attention by one of my colleagues yesterday, that—we all agreed that it was going to be a non-jury trial, but we have to actually have a signed jury waiver according to the rules. I don't know if we've done that. Maybe we did.
>
> "THE COURT: I have never seen it, but it came to me from another judge, if you recall.
>
> "[PROSECUTOR]: Right, yeah.
>
> "THE COURT: Well, if you don't have it and you should have it, you'll do it.
>
> "[PROSECUTOR]: We will do it.
>
> "(Discussion off the record * * *)

"[DEFENSE COUNSEL]: The State is looking for something from my client that she can't offer. In other words, I mean—may we approach, your Honor, off the record?"

The transcript indicates that a chambers conference occurred. The parties then returned to the courtroom, presumably after defendant had executed a written waiver of her right to a jury trial. The following colloquy occurred:

"[DEFENSE COUNSEL]: May I approach with the jury waiver form, please?

"THE COURT: Yes. Thank you. Okay. We are back on the case of the State of Rhode Island versus Brittany Michaud. We tried this case yesterday, and we're back to continued trial. It's on the State's case. You may proceed.

"[PROSECUTOR]: Your Honor, should we put the jury waiver on the record?

"THE COURT: It's already a stipulation. If you want to put it on the record besides that, that's fine.

"[PROSECUTOR]: I would just note that the jury waiver was just executed. We had discussions prior to the trial and immediately prior to the trial that it would be a jury waive trial. [Defense counsel] informed me that was a decision that he and his client made. I don't know if he wants to commemorate that.

"[DEFENSE COUNSEL]: I confirm it actually happened. We have waived the right to trial by jury.

"THE COURT: You want your client to state that on the record too?

"* * *

- 3 -

> "[DEFENDANT]: I acknowledge that I waive my right for a jury."

The trial thereafter continued with the state calling its next witness.

The trial justice rendered a bench decision on December 13, 2017, finding that defendant was guilty of the charge beyond a reasonable doubt. The judgment of conviction entered on January 29, 2018.[2] The defendant filed a timely appeal to this Court.

## II

## Standard of Review

"When interpreting statutes and court rules, we apply a *de novo* standard of review." *State v. Morais*, 203 A.3d 1150, 1154 (R.I. 2019) (quoting *State v. Goncalves*, 941 A.2d 842, 847 (R.I. 2008)). "In construing statutes or court rules, it is a fundamental principle of our jurisprudence that when the language of a rule is clear and unambiguous, this Court must give the words of the rule their plain and ordinary meanings." *Id.* (quoting *Cashman Equipment Corporation, Inc. v. Cardi Corporation, Inc.*, 139 A.3d 379, 382 (R.I. 2016)). "If we find the statute or rule to be unambiguous, we simply apply the plain meaning and our interpretive task is done." *Id.* (quoting *Cashman Equipment Corporation, Inc.*, 139 A.3d at 382).

---

[2] On remand and pursuant to an order of this Court, the Family Court, on November 16, 2019, entered judgment of conviction *nunc pro tunc* as of January 29, 2018.

## III

## Discussion

On appeal, defendant asserts that the trial justice erred by conducting a bench trial in violation of defendant's constitutional right to a jury trial and Rule 23(a) of the Superior Court Rules of Criminal Procedure.[3]  Specifically, she argues that the trial justice erred by proceeding with a bench trial without a knowing, intelligent, and voluntary waiver of defendant's right to a jury trial.  She contends that Rule 23(a) and this Court's jurisprudence require a trial by jury unless a defendant waives that right in open court in writing before the beginning of the trial.

As this Court has explained, "Rhode Island law is well settled that a criminally accused defendant has an absolute right to waive a trial by jury if the waiver is knowing, intelligent, and voluntary." *Morais*, 203 A.3d at 1154 (quoting *State v. Moran*, 605 A.2d 494, 496 (R.I. 1992)).  "'This substantive right to invoke a bench trial belongs to the defendant and is subject *only to the procedural requirement that a trial justice determine that the defendant understands and accepts the consequences of executing a waiver*,' pursuant to Rule 23[(a)] of the Superior Court Rules of Criminal Procedure." *Id.* (brackets omitted) (emphasis

---

[3] We note that this Court recently approved the Family Court Rules of Criminal Procedure, effective January 6, 2020.  At the time this case was tried, however, the Family Court was bound by the Superior Court Rules of Criminal Procedure for cases such as this.  Nevertheless, Rule 23(a) appears to be identical in either set of rules. *See* Super. R. Crim. P. 23(a); Fam. R. Crim. P. 23(a).

added) (quoting *Moran*, 605 A.2d at 496). Rule 23(a) provides that "[c]ases required to be tried by jury shall be so tried unless the defendant in open court waives a jury trial in writing with the approval of the court."

The defendant was charged under § 11-9-5, a felony offense, and therefore she was constitutionally guaranteed a jury trial, absent a determination by the trial justice that defendant knowingly, intelligently, and voluntarily waived this right. *See Morais*, 203 A.3d at 1154. However, nothing in the exchange on the second day of the trial, nor elsewhere in the record, indicates that the trial justice made a determination as to whether defendant understood and accepted the consequence of executing such a waiver. Notably, the prosecutor, not the trial justice, raised the issue of whether such a waiver had been executed; however, "determin[ing] that the defendant understands and accepts the consequences of executing a waiver" of his or her right to a jury trial is the responsibility of the trial justice. *Moran*, 605 A.2d at 496. Although "we have never proclaimed a bright line rule or even suggestions delineating requirements for a colloquy between a trial justice and a defendant regarding the differences between a jury trial and a non-jury trial[,]" *Morais*, 203 A.3d at 1158, there must be some meaningful documentation in the record indicating that the trial justice made a determination that the defendant understood the right that he or she was giving up, and that he or she did so voluntarily.

There is nothing in the record before us demonstrating that the trial justice was assured by the defendant that her waiver was made "intelligently and with full knowledge of the consequences of [her] waiver." *Morais*, 203 A.3d at 1156 (quoting *State v. Cruz*, 517 A.2d 237, 243 (R.I. 1986)). Accordingly, we hold that a new trial is required.[4]

## IV

## Conclusion

For the reasons set forth herein, we vacate the judgment of the Family Court. The case is remanded to the Family Court with instruction to transfer the case to the Superior Court for a new trial. *See* § 11-9-9 (vesting jurisdiction for violations of § 11-9-5 in the Superior Court).

---

[4] In light of the fact that we vacate the judgment on the issue of jury-trial waiver, we need not, and shall not, reach the defendant's second argument regarding the charge of habitual neglect.



STATE OF RHODE ISLAND

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | State v. Brittany Michaud. |
| **Case Number** | No. 2018-277-C.A.<br>(P 16-114CR) |
| **Date Opinion Filed** | May 26, 2021 |
| **Justices** | Suttell, C.J. Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Family Court |
| **Judicial Officer from Lower Court** | Associate Justice Howard I. Lipsey |
| **Attorney(s) on Appeal** | For State:<br><br>Mariana E. Ormonde<br>Department of Attorney General<br><br>For Defendant:<br><br>Kara J. Maguire<br>Office of the Public Defender |